## Commonwealth ex rel. McGinnis, Appellant, *v.* Ashe.

Opinion by Mr. Justice Maxey, May 9, 1938:

This is a petition for a writ of certiorari. The petitioner, John A. McGinnis, prays for a review of the decision of the Court of Common Pleas of Allegheny County. On March 30, 1931, petitioner was sentenced by the Court of Oyer & Terminer of Blair County to three terms of one to two years each, the sentences to run consecutively. On December 17, 1932, he was sentenced by the Court of Quarter Sessions of Centre County to three to six years for escaping from Rockview

Prison Farm. Petitioner avers that his *"original sentence"* in Blair County for one to two years was not completed when he was sentenced in Centre County. He contends, therefore, that the sentence for escape should have been the same as the sentence he was serving at the time he committed that offense.

The Criminal Code of March 31, 1860, P. L. 382, sec. 3 (18 PS sec. 251), provides that ". . . if any prisoner imprisoned in any penitentiary or jail, upon a conviction for a criminal offense, other than murder in the first degree, or where the sentence is for imprisonment for life, shall break such penitentiary or jail, . . . such person shall be guilty of a misdemeanor, and upon conviction of said offense, shall be sentenced to undergo an imprisonment, to commence from the expiration of his original sentence, of the like nature, and for a period of time not exceeding the original sentence, by virtue of which he was imprisoned, when he so broke prison and escaped, . . ."

The question now is what was the "original sentence" which petitioner was serving at the time he "broke prison"? Was it the sentence from one to two years first imposed or should these three consecutive sentences of from one to two years each be treated as *one* original sentence of from three to six years?

Multiple sentences are always imposed separately. Whether they are to be served concurrently or consecutively, they are never judicially lumped into one. See *Com. ex rel. Hallett v. McKenty,* 80 Pa. Superior Ct. 249, 250. The Superior Court said in *Com. ex rel. Miller v. Ashe,* 114 Pa. Superior Ct. 332, 174 A. 295, that "lumping the [two] sentences into one . . . was illegal." This court held in *Com. ex rel. Lynch v. Ashe,* 320 Pa. 341, 182 A. 229, that prison authorities cannot lump two or more sentences into one, that the practice was "without statutory or other legal support," and that such authority must be obtained from the legislature. (Such authority *was* obtained in 1937, see the Act of June 25,

1937, P. L. 2093, but this act being *subsequent* to the prisoner's escape does not affect the present proceedings.) Under these authoritative decisions, the petitioner's "original sentence" was the sentence of from one to two years he was serving at the time of his escape. It follows that his sentence for escape could not exceed that "original sentence," as the Act of 1860 provides.

It is contended that this construction of the Act of 1860 would result in the prisoner's serving his sentence for escape *concurrently* with the second sentence imposed on him in 1931, and that in practical effect this would mean that he would go unpunished for escaping. This argument overlooks the inherent power of courts to fix the time of the beginning of the service of sentences imposed. Courts have immemorially exercised the power of either suspending sentence or deferring sentence to a particular day. "The right to temporarily defer sentence . . . is universally recognized. . . . Where [the] practice [of an indefinite suspension of sentence] is recognized, the right to later impose sentence remains with the trial court and the time of its exercise is a matter for judicial discretion": *Com. ex rel. Wilhelm v. Morgan,* 278 Pa. 395-7, 123 A. 337. "The court has the power to remand and hold convicts for sentence as long as may be deemed necessary and advantageous to the ends of justice": *Com. v. Mayloy,* 57 Pa. 291, 300. "There is no doubt but that at common law courts . . . had the power to . . . suspend sentences; such power is inherent in the courts": 8 R. C. L. 250. This power could not be taken away from them except by express and unequivocal statutory enactment. No such deprivation of power can be grounded on the Act of 1860 (supra). It does say that the sentence for escape is "to commence from the expiration of his original sentence," but the obvious meaning of this is that the sentence is to be served *after* his original sentence is served. It does not mean that he must begin to serve the sentence for escape on the very day his original sentence expires, if

at that time he is about to begin serving *another* sentence previously imposed on him. The Commonwealth is concerned only with seeing to it that a prisoner who escapes is penalized for doing so. The exact date on which he *begins* to pay the penalty is of no importance.

Since courts can suspend or defer sentences, it follows that they have the power to postpone the date for the beginning of service of sentence. The framers of the Act of 1860 (supra) apparently had in mind the escape of a convict who had *only one* sentence to serve, and the provision about the commencement of sentence was to make it certain that he would not begin to serve his sentence for escape while still serving the sentence from which he escaped; in other words, the two sentences must not be in any part *concurrent*. The act required that the sentence should *not* begin to be served until *after* the expiration of the original sentence; it did not require that it must begin to be served *immediately* after the expiration of the original sentence. The sentencing judge has the power to order that the sentence for escape begin *immediately after* the expiration of the "original sentence" *or*, if, as here, there are other sentences already imposed and still to be served, he has the power to order that the sentence for escape be served immediately after the expiration *of any and all other sentences* theretofore imposed but which at the time are in whole or in part unserved.

The petitioner's complaint, like that in *Com. ex rel. Snyder v. Francies,* 58 Pa. Superior Ct. 273, 278, "is not that he is wrongfully in prison but that the court had not jurisdiction to impose the penalty exhibited in the record." *In re Bonner,* 151 U. S. 242, it was said that the defect in jurisdiction to enter the particular judgment could be cured by giving the (sentencing) court an opportunity to pronounce the sentence which the law requires. "By this course," as Judge HENDERSON said in *Halderman's Case,* 53 Pa. Superior Ct. 554, "the relator is relieved from the excessive punishment imposed and

the law is vindicated by the appropriate penalty." This court said in *Com. ex rel. v. Smith,* 324 Pa. 73, 187 A. 387: "It is well established that sentence to imprisonment for a greater period than warranted by law is an illegal sentence, to correct which the prisoner is entitled to a writ of habeas corpus: *Com. v. Ketner,* 92 Pa. 372."

Now, May 9, 1938, the judgment of the Court of Common Pleas of Allegheny County is reversed and it is ordered and adjudged that the relator be remanded and that the record be remitted to the Court of Quarter Sessions of Centre County to the end that appropriate process may be issued to bring him into that court and that he be there resentenced in accordance with law.