Commonwealth ex rel. Considine *v.* Ashe, Warden.

PER CURIAM, January 31, 1939:

Petition for writ of habeas corpus.

The relator was jointly indicted with Philip Moran and Raymond Miller on three bills charging burglary, each indictment charging the felonious breaking and entering by night into a separate and distinct dwelling house, on different dates, with intent to steal the goods of the householder, and the larceny of such goods. He pleaded guilty and was sentenced as follows:

On No. 72 December Sessions 1931, to pay a fine of $6\frac{1}{4}$ cents to the Commonwealth of Pennsylvania, costs of prosecution and undergo an imprisonment of not less than five years or more than ten years in the Western Penitentiary.

On No. 68 December Sessions 1931, to pay a fine of $6\frac{1}{4}$ cents to the Commonwealth of Pennsylvania, costs of prosecution and undergo an imprisonment of not less than five years or more than ten years in the Western Penitentiary. This sentence to begin and take effect at the expiration of sentence imposed at No. 72 December Sessions 1931.

On No. 71 December Sessions 1931, to pay a fine of $6\frac{1}{4}$ cents to the Commonwealth of Pennsylvania, costs of prosecution and undergo an imprisonment of not less than five years or more than ten years in the Western Penitentiary. This sentence to begin and take effect at the expiration of sentence imposed at No. 68 December Sessions 1931.

The said sentences were erroneously recorded at the Penitentiary as constituting a minimum term of fifteen years and a maximum term of thirty years.[1]

The relator contends that under the case of *Com. ex rel. Lynch v. Ashe*, 320 Pa. 341, 182 A. 229, the sentences imposed were illegal in that they amounted to a minimum term of twenty-five years and a maximum term of thirty years, contrary to the provisions of the Ludlow Act, (Act of June 29, 1923, P. L. 975).

---

[1] This was before the Act of June 25, 1937, P. L. 2093.

The relator has misunderstood the decision in *Com. ex rel. Lynch v. Ashe,* supra.

The opinion of Mr. Justice MAXEY in that case pointed out: (1) That the act of the prison authorities in lumping two or three *consecutive* sentences was "without statutory or other legal support"; (2) that "A minimum sentence merely defines the period after which a convict is eligible for parole. If he doesn't secure a parole or a pardon, he is not automatically released from prison until the expiration of the maximum time of his sentence." The opinion further pointed out that a prisoner in confinement under two or more *consecutive* sentences, in order to secure the benefit of the statute relating to minimum terms of sentence—if his conduct has been such as to warrant it—should "apply for a parole from further service of his first sentence within three months of the expiration of the minimum part of that sentence, the parole, if granted, to be effective after that minimum part [has] been fully served." By so doing, if his conduct warrants it, he will be released from prison, on parole, after he has served the sum of the minimum terms of his sentences. Otherwise he does not begin to serve his second sentence until the expiration of the maximum term of his first, or so much thereof as had expired before he made application for parole from further service thereof.

The sentences in the court below amounted to no more than a direction that they should be consecutive rather than concurrent.

The rule is discharged and the petition is dismissed.