Commonwealth ex rel. Harding, *v.* Smith, Warden.

216

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

PER CURIAM, January 30, 1940:

The petitioner is entitled to his discharge. On August 4, 1919 he was legally sentenced to the Western State Penitentiary on two bills, Nos. 50 and 51 October Sessions, 1919, Blair County, as follows:

No. 50—For not less than two years nor more than three years.

No. 51—For not less than one year and nine months, nor more than two years, to begin at the expiration of sentence to No. 50.

On September 10, 1919, while imprisoned under sentence to No. 50 aforesaid, he escaped from the penitentiary. He was recaptured and on February 26, 1924 (No. 89 February Sessions 1920, Allegheny County) he was sentenced, for the escape, to serve in the same penitentiary, a term of not more than four years nor less than two years, to begin at the expiration of the sentences to Nos. 50 and 51 October Sessions 1919, Blair County. This sentence was excessive, and illegal to the extent that it was excessive. As he was serving the sentence to No. 50, at the time of his escape, the maximum of his sentence for the escape was three years, instead of four, and the minimum one and one half years instead of two, (*Com. ex rel. McGinnis v. Ashe,* 330 Pa. 289, 199 A. 185). He had, therefore, a maximum yet to serve of two years, ten months and twenty-four days on No. 50, two years on No. 51, and three

years on the escape sentence, or a total yet to serve of seven years, ten months and twenty-four days from February 26, 1924.

On September 10, 1924, he was transferred to the Eastern State Penitentiary. On June 21, 1926, while still imprisoned under the sentence to No. 50 aforesaid, he *attempted* to escape and was sentenced for this attempt (No. 16 July Sessions 1926, Philadelphia County) to serve a period of not less than five years and nine months and not more than nine years to be computed from the expiration of the sentences he was then serving. This sentence was excessive, and illegal to the extent that it was excessive,—the maximum term for which he could be sentenced was three years, that being the maximum of *the sentence* he was serving when the attempt to escape was made (*Com. ex rel. McGinnis v. Ashe,* supra). By this attempt the aggregate of the maximum terms of his legal sentences was increased three years, and was as follows:

No. 50—three years—that is, two years, ten months and twenty-four days from February 26, 1924.

No. 51—two years.

Escape—No. 89 February Sessions 1920, Allegheny County, three years.

Attempted Escape—No. 16 July Sessions 1926, Philadelphia County, three years—or a maximum total of ten years, ten months and twenty-four days from February 26, 1924.

On February 16, 1934, he was paroled, after having served nine years, eleven months and twenty days since February 26, 1924, and he had served all of his combined maximum legal sentences except eleven months and four days.

While on parole he committed, inter alia, a crime for which he served a sentence in Michigan and after completing it was returned to the Eastern State Penitentiary of Pennsylvania on January 20, 1939 to serve that part of his maximum legal sentences which remained

on the day he was paroled, to wit, eleven months and four days. He has now served over a full year and is entitled to his discharge.

The error was in overlooking the fact that when he escaped from the Western Penitentiary and attempted to escape from the Eastern Penitentiary he was imprisoned under the sentence to No. 50 October Sessions 1919, Blair County, the maximum of which was three years, and the sentences for escape in Allegheny County and for attempted escape in Philadelphia County under the Act of March 31, 1860, P. L. 382, sec. 3, should have been for a maximum of three years each, instead of four years and nine years respectively. When a prisoner escapes from a penitentiary or attempts to escape from it, it is the maximum of the particular original sentence that he was serving at the time, not the aggregate of several consecutive sentences imposed upon him, which regulates the maximum of his sentence for escape or attempted escape. *Com. ex rel. McGinnis v. Ashe,* 330 Pa. 289, 199 A. 185.

It is ordered that the writ of habeas corpus issue and that the relator be discharged from custody.