## Commonwealth ex rel. Nedeau *v.* Ashe, Warden.

PER CURIAM, April 9, 1940:

The relator pleaded guilty in Allegheny County to six separate indictments, to November Sessions, 1931, to wit: No. 98, burglary; No. 99, burglary; No. 100, burglary; No. 101, burglary; No. 962, felonious entry; No. 963, felonious entry. All of them related to separate and distinct acts of burglary or felonious entry, for the most part, on different dates. He was sentenced on each of the first five indictments to imprisonment in

the Western State Penitentiary for not less than one nor more than three years, to run consecutively; and on the sixth, No. 963, sentence was suspended. He was committed to the Western State Penitentiary pursuant to said sentences. Under the practice then in force at the penitentiary, the sentences were erroneously lumped and entered on the records there as one sentence of not less than five years nor more than fifteen years. See *Com. ex rel. Lynch v. Ashe,* 320 Pa. 341, 182 A. 229.

On September 28, 1932 relator was transferred to the Rockview branch of the Western State Penitentiary in Centre County, and on August 25, 1933 he broke prison and escaped. He was apprehended at Oakland, California on September 16, 1933, and turned over to the Pennsylvania authorities and returned to Centre County for disposition of the charges there pending against him.

Five indictments were found against him to September Sessions, 1933, Centre County: No. 149 for breaking and escaping from the Western State Penitentiary; No. 163, felonious entry and larceny; No. 164, felonious entry and larceny; No. 165, felonious entry and larceny; and No. 166, larceny of automobile. He was tried and found guilty on all of them.

On No. 149, the court, evidently misled by the erroneous practice of the penitentiary, sentenced the defendant—under section 3 of the Criminal Code of 1860 (March 31, 1860, P. L. 382)—to imprisonment in the Western State Penitentiary for a period of not less than five years, nor more than fifteen years, "to be computed from the expiration of the original sentence." This was excessive and illegal under the ruling of the Supreme Court in *Com. ex rel. McGinnis v. Ashe,* 330 Pa. 289, 199 A. 185; *Com. ex rel. Harding v. Smith,* 138 Pa. Superior Ct. 215, 10 A. 2d 842. The relator at the time of his escape was serving a sentence of not less than one year nor more than three years. That was "the period of time" of his "original sentence" and

the sentence on No. 149 could not legally exceed that period; but as there were other unexpired sentences to be served by him—and not one sentence of five to fifteen years as erroneously computed and entered on the penitentiary records—the court below could, under the ruling in *Com. ex rel. McGinnis v. Ashe,* supra, p. 292, direct that the sentence for breaking prison and escape should not begin to run until after the expiration of "any or all sentences heretofore imposed but which at the time are in whole or in part unserved."

As respects indictments Nos. 163, 164 and 165, relator was sentenced to the penitentiary on each indictment to not less than two years nor more than four years, to run consecutively, No. 163 to begin at the expiration of the sentence to No. 149, and so on; and on No. 166 he was sentenced to the penitentiary for not less than five years nor more than ten years, to be computed from the expiration of the sentence to No. 165.

We find no merit in the relator's contention that these offenses were only a continuation of the offense of breaking and escape from prison and were merged in that offense. There is nothing in the records sent up with the answers to this court to show that the charges of breaking and entering with felonious intent did not constitute separate and distinct acts. They show that there was a separate and distinct prosecutor on each indictment. While they were all committed on the same day, there is nothing in the records which requires a finding that they were not separate and distinct offenses. See *Com. ex rel. Otten v. Smith,* 126 Pa. Superior Ct. 238, 240, 190 A. 525. Nor did they merge in or become part of the crime of breaking prison and escape, any more than a homicide committed in order to escape recapture would have merged in prison break and escape. Additional crimes committed by an escaped prisoner after he has broken prison, such as burglary, robbery, felonious entry and larceny, larceny of automobile, etc., in an attempt to facilitate his getaway or avoid re-

capture, are separate and distinct offenses from the breaking and escape from prison, and are not merged in the charge of breaking and escape. Felonious entries for the purpose of securing clothing, money and revolvers, and the stealing of an automobile with which to insure his getaway, are separate and distinct crimes which are not merged in the breaking and escape from prison.

It is accordingly ordered and adjudged that the rule, previously allowed to show cause why a writ of habeas corpus should not issue, be made absolute, and the application is treated as though the writ had issued and the relator, Frank Nedeau, were before us; and it is further ordered and adjudged that the relator be remanded to the Court of Quarter Sessions of Centre County for resentence on No. 149 September Sessions, 1933, in accordance with law and in conformity with this opinion; the sentences on Nos. 163, 164, 165 and 166 as already pronounced to take effect consecutively, and be computed from the expiration of the sentence to No. 149.