Commonwealth ex rel. Dorillo *v.* Smith, Warden.

266

OPINION BY KELLER, P. J., April 16, 1941:

The relator on December 12, 1929 pleaded guilty in the Court of Oyer and Terminer of Berks County to three indictments:

(1) No. 349 December Sessions, 1929, Larceny of an automobile, on which he was sentenced to the Eastern State Penitentiary for a term of not less than four years nor more than eight years.

(2) No. 334 December Sessions, 1929, Felonious entry, etc. Sentence suspended.

(3) No. 332 December Sessions, 1929, Carrying concealed deadly weapons. Sentence suspended.

He was paroled on December 12, 1933 after serving the minimum term of his imprisonment.

On March 13, 1934, while thus on parole, he was jointly convicted with Anthony Delcolo on an indictment, to No. 95 March Sessions 1934, Berks County, charging the unlawful use and operation of an automobile without the consent of the owner, contrary to section 620(e) of the Act of May 1, 1929, P. L. 905. The sentence endorsed on the indictment and signed by the trial judge reads as follows, the changes and additions in heavier ink being italicized:

"Mch. 13, 1934. Anthony Delcolo and Jos. Dorillo;
jointly and severally $100 fine, cost and ~~each~~ *Delcolo* to serve 1½ to 3 years in Berks Co. prison, upon completion of service under previous sentence/ for violation of parole; *Dorillo to serve 1½ to 3 yrs. in Eastern Penitentiary in addition to service for violated parole.*[1] F. A. MARX, J."

The sentence entered on the docket or record of the case was as follows:

"March 13, A. D. 1934. The Court sentence the defendants, Anthony Delcolo and Jos. Dorillo, each to pay a fine of One Hundred Dollars to the Commonwealth for the use of the County of Berks; that they each undergo an imprisonment in the Berks County Prison for a period of not less than one and one-half years nor more than three years, to be computed upon completion of service under previous sentence for violation of parole—Joseph Dorillo to serve not less than one and one-half years in the Eastern State Penitentiary in addition to sentence of violation of parole—that they pay the costs of this prosecution, jointly and severally, and stand committed until this sentence is complied with."

Two days later, on March 15, 1934, and while he was still in the Berks County Prison, relator escaped from

---

[1] These italicized words appear to have been crowded in on the original indictment above the signature of Judge MARX.

the prison, and being recaptured, on March 24, 1934 pleaded guilty to such escape to No. 9 June Sessions 1934 and was sentenced to serve not less than two and one-half years nor more than five years in the Eastern State Penitentiary to be computed from the expiration of the sentence to No. 95 March Sessions 1934 for one and one-half to three years. This last sentence of two and one-half to five years could only have been imposed on the theory that his prison breach must be considered as related back to the unexpired portion of his sentence for larceny of automobile of four to eight years; otherwise it could not exceed one and one-half to three years, the sentence imposed for the unlawful operation of a motor vehicle without the consent of the owner. See Section 3 of Criminal Code of 1860, P. L. 382.

The offense created under section 620 (e) of the Vehicle Code of May 1, 1929, P. L. 905, is a misdemeanor punishable by *simple* imprisonment not exceeding three years. This would require imprisonment in the county jail and not the penitentiary. But under the Act of June 10, 1885, P. L. 79, it was made lawful for judges "to sentence any prisoner who may be convicted of jail breaking or attempting to break jail, to the proper penitentiary for said offense, and to add to said sentence for jail breaking ...... a further sentence to the said penitentiary for the remainder of the term which the said prisoner was serving at the time of his or her escape." It is probable that the changes in relator's sentence on the bill to No. 95 March Sessions 1934 above noted were made after his sentence on No. 9 June Sessions 1934; otherwise he could not legally have been sentenced to the penitentiary for operating a motor vehicle without the owner's consent.

Nevertheless the "original sentence" which he was serving when he broke prison, (see Section 3 of the Act of March 31, 1860, P. L. 382; *Com. ex rel. McGinnis v. Ashe,* 330 Pa. 289, 199 A. 185) was not the sentence in the penitentiary under No. 349 December Sessions 1929,

but the sentence under No. 95 March Sessions 1934, and consequently the sentence for this escape from prison (No. 9 June Sessions 1934) although to be served in the penitentiary could not exceed one and one-half to three years, the limit authorized for violation of section 620 (e) of the Act of 1929, supra.

The Act of June 19, 1911, P. L. 1055, as amended by Act of June 22, 1931, P. L. 862, provides in section 10 that if a convict released on parole shall during the period of his parole commit a crime punishable by imprisonment for which he is thereafter convicted in any court of record and sentenced to any place of confinement other than the penitentiary from which he was released on parole, "such convict shall in addition to the penalty imposed for such crime committed during said period, *and after the expiration of the same,* be compelled, by detainer and remand as for an escape, to serve in the penitentiary from which said convict had been released on parole ...... the remainder of the term (without commutation) which said convict would have been compelled to serve but for the commutation authorizing said parole" etc. It is only where the convict is legally sentenced for a crime committed during his parole to the penitentiary from which he had been released on parole, that the unexpired portion of his original sentence is to be served *before* he commences to serve the sentence imposed for the crime committed while on **parole.**

Had it not been for the Act of June 10, 1885, the relator would have served his sentences under bills No. 95 March Sessions 1934 and No. 9 June Sessions 1934 in the Berks County jail before beginning to serve in the penitentiary the four years remaining of his sentence to No. 349 December Sessions 1929. But the provisions of the Act of 1885 having authorized his commitment to the penitentiary for his prison break and provided for his serving the remainder of his sentence under No. 95 March Sessions 1934 in the penitentiary,

the Parole Act of June 19, 1911, as amended in 1931, applied and *on his commitment to the penitentiary* he began serving the unexpired four years of his maximum sentence for larceny of automobile, and completed the sentence on March 24, 1938, and thereupon entered on his sentence of one and one-half to three years for the unlawful operation of a motor vehicle (No. 95 March Sessions 1934). On September 27, 1939 he was granted parole from further serving of the sentence imposed on bill No. 95 March Sessions 1934 and was re-entered to start serving his sentence for prison escape (No. 9 June Sessions 1934), and at the end of the minimum legal term of said sentence, one and one-half years, to wit, on March 27, 1941, he became eligible for parole. Unless he violated his constructive parole under No. 95 March Sessions 1934, the maximum legal term of his sentence under No. 9 June Sessions 1934, will expire September 27, 1942.

While not entitled to his discharge at this time, he is now eligible for parole, if his conduct has been such as to warrant it.

It is so ordered.