## Commonwealth v. Wentz

*Paul A. Koontz*, for Commonwealth.
*Richard W. Lins*, for defendant.

WRIGHT, P. J., March 2, 1945. — Defendant was charged with a violation of section 819(*a*) of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 29, 1937, P. L. 2329. He waived summary hearing and gave bond for appearance before the court of quarter sessions. The case involves two questions:

1. At the hearing, counsel for defendant moved to quash the proceeding on the ground that the magis-

trate's notice was irregular. The offense occurred on December 23, 1944, and the information was made on that day. The magistrate's notice is dated December 26, 1944, and calls upon defendant to appear "on or before January 6, 1945". The decision relied on is Commonwealth v. Walter, 39 D. & C. 383. In that case the offense occurred on February 29, 1940, and the information was made on March 2, 1940. No notice to appear within 10 days was given, but in lieu thereof defendant was summoned for appearance on March 8, 1940. It was held that the notice was irregular, since it called upon defendant to appear upon a day certain within the 10-day period; further, that this irregularity constituted a jurisdictional defect. In Commonwealth v. Conner, 50 D. & C. 488, we ruled that by waiving summary hearing and giving bond for court appearance a defendant is not precluded from questioning the jurisdiction of the magistrate. However, even if we assume that an irregularity in the magistrate's notice constitutes a jurisdictional defect, the Walter decision is obviously not applicable to the present factual situation. In the case before us the magistrate's notice does not fix a day certain within the 10-day period but requires appearance on or before the eleventh day. Furthermore, in view of the decision of the Superior Court in Commonwealth v. Burall, 146 Pa. Superior Ct. 525, we take the position that an irregularity in the magistrate's notice does not constitute a jurisdictional defect. Rather it is but a procedural irregularity, the right to question which is surrendered by waiving hearing and giving bond for court appearance.

2. The testimony disclosed that defendant's truck, which was engaged in hauling coal, was inspected on December 18, 1944; that an extremely heavy snowfall ensued and it became necessary to pull the truck to and from the main road to the coal mine by means of tractor; that this procedure resulted in the tearing off of

the muffler; and that defendant was making an emergency delivery of coal before the muffler could be replaced. Under these circumstances, the officer might well have refrained from instituting prosecution. However, defendant knowingly operated the truck without a muffler, and he must therefore be convicted. Can we relieve him from paying the fine? At common law courts had inherent power to suspend sentences: Commonwealth ex rel. v. Ashe, 330 Pa. 289. This power is recognized and controlled by the Act of June 19, 1911, P. L. 1055. Every suspension of sentence since the effective date of the act is subject to its provisions: Commonwealth ex rel. v. Morgan, 278 Pa. 395. The question arises, however, as to the effect of section 1204.1 of The Vehicle Code, supra, as amended by the Act of 1937, which reads as follows:

"The fines and penalties provided for in this act are mandatory, and no magistrate or judge shall impose any penalty for a violation of this act varying from the penalties prescribed herein, unless the authority to impose a greater or lesser fine or penalty, than prescribed herein, is expressly contained in this act.

"Penalty.—Any person violating any of the provisions of this section shall be deemed guilty of a misdemeanor in office, and, upon conviction thereof in a court of quarter sessions, shall be sentenced to pay a fine of one hundred ($100) dollars and costs of prosecution, or undergo imprisonment for not more than thirty (30) days, or suffer both such fine and imprisonment."

Construed strictly, this section might be interpreted so as to prevent courts from suspending sentence in any motor vehicle case. There are apparently no decisions on the question. We do not feel that it was the intention of the legislature to attempt to prohibit courts from suspending sentences in summary cases while acknowledging the general power in more serious offenses. Furthermore, the power to suspend sentence

cannot be taken away except by express and unequivocal statutory enactment: Commonwealth ex rel. v. Ashe, supra. It is our opinion that no such deprivation of power can be grounded upon the above legislative language. We, therefore, definitely rule that courts may suspend sentences in motor vehicle cases regardless of the provisions of section 1204.1 of The Vehicle Code, as amended by the Act of 1937.

### Decree

Now, to wit, March 2, 1945, defendant's motion to quash the proceeding is overruled, defendant is adjudged guilty as charged, and is directed to appear for sentence.