## Commonwealth ex rel. Wolkiewicz *v.* Pennsylvania Parole Board.

PER CURIAM, March 5, 1946:

Relator, Arthur Wolkiewicz, having been convicted of burglary, was sentenced by the Court of Oyer and Terminer of Lackawanna County on October 15, 1932, under 10-C, Oyer and Terminer, October Session, 1932, to serve three to six years, and under No. 10-B of the same term and court to serve, ". . . three years and the maximum is six years, to begin at the expiration of a like sentence this day imposed to No. 10-C, October term, 1932."

He was released on October 16, 1938, the Board of Pardons having commuted the minimum of his sentence under No. 10-B from three years to one day. However, it did not alter or commute the maximum of the said sentence. Such maximum would then extend to October 15, 1944.

On June 6, 1944, petitioner was arrested in New York; on June 7, 1944, he pleaded guilty to unlawful entry, and was convicted thereof on July 30, 1944. He was subsequently sentenced to imprisonment for one year in the Erie County Penitentiary at Buffalo, New York, and upon his release, February 20, 1945, was returned to the Eastern State Penitentiary of Pennsylvania as a parole violator.

Petitioner alleges that he is being illegally held a prisoner and in behalf of his allegations submits that: (1) the Act of June 25, 1937, P. L. 2093, §1, 19 PS §897, does not here apply; (2) under the decisions before the Act of 1937, he had served his entire minimum term before his release and at the time of his arrest in New York he was not on parole, and not subject to the Pennsylvania Board of Parole.

We are in agreement with petitioner's first contention, since he was originally sentenced in 1932, the Act

of 1937 cannot apply. The act is not to be construed retrospectively. *Com. ex rel. McGinnis v. Ashe,* 330 Pa. 289, 199 A. 185.

Petitioner's second position is untenable. In *Com. ex rel. Lycett v. Ashe, Warden,* 145 Pa. Superior Ct. 26, 30, 20 A. 2d 881, a similar factual situation, this court said: "For example if a prisoner was sentenced to two consecutive terms of five to ten years each, he could apply for a parole at the end of five years and if allowed he then entered on the minimum term of his second sentence, and at the same time would have the 'double status' of serving the balance of the maximum term of his first sentence; and if paroled at the end of the minimum term of his second sentence, he would then be entitled to an absolute discharge, *if guilty of no violation of his parole,* at the end of five years more, thus reducing his maximum sentences of twenty years to fifteen years: Com. ex rel. Lynch v. Ashe, supra, p. 346 [320 Pa. 341, 182 A. 229] ; Com. ex rel. Considine v. Ashe, 134 Pa. Superior Ct. 29, 31, 4 A. 2d 229." (Italics supplied). Here, however, petitioner did not apply for parole at the end of the minimum term of his first sentence and, therefore, cannot be deemed to be within the "double status" realm. It is also affirmatively shown that petitioner violated his parole and must therefore suffer the penalty so provided.

The Act of June 22, 1931, P. L. 862, §1, 61 PS §305, provides, inter alia: "If any convict released on parole, . . . shall, during the period of *his or her* parole, *or while delinquent on said parole,* commit any crime punishable by imprisonment *for which he or she is at any time thereafter convicted in any court of record* and sentenced to any place of confinement other than *the penitentiary from which he or she was released on parole,* such convict shall, in addition to the penalty imposed for such crime committed during the said period, and after the expiration of the same, be compelled, . . . to serve in the penitentiary *from* which said convict had

been *released on parole, or in any other institution to which he or she may be legally transferred,* the remainder of the term (without commutation) which said convict would have been compelled to serve but for the commutation authorizing said parole, . . ." (Italics supplied).

Since relator has breached his parole he must now serve the maximum term of his original sentence without commutation. *Narcise v. Eastern State Penitentiary,* 137 Pa. Superior Ct. 394, 9 A. 2d 165; *Com. ex rel. Lerner v. Smith, Warden,* 151 Pa. Superior Ct. 265, 30 A. 2d 347.

Petitioner is legally confined and the petition is refused.