Commonwealth ex rel. Hill *v.* Burke, Warden.

Per Curiam, November 15, 1949:

The relator in this habeas corpus application, over a period of eight years, accumulated an aggregate of eleven indeterminate sentences, some consecutive and others concurrent, imposed by the courts of three different counties upon three separate occasions. Of these the last was a sentence to serve not less than two nor more than four years in the Eastern State Penitentiary, commencing at expiration of sentence which relator was serving, imposed September 23, 1943, by the Court of Quarter Sessions of Montgomery County, as of No. 7-1; September Sessions, 1943, for the crime of prison breach. This sentence was in compliance with section 309 of the Act of June 24, 1939, P. L. 872, 18 PS §4309, the relevant part of which provides: "Whoever, being imprisoned after conviction, of an offense other than murder in the first degree, or where the sentence is imprison-

ment for life, breaks prison, although no escape is actually made by him, is guilty of prison breach, a misdemeanor, and upon conviction thereof, shall be sentenced to undergo imprisonment, to commence from the expiration of his original sentence, of the like nature, and for a period of time not exceeding the original sentence, by virtue of which he was imprisoned." The petition and answers present one question for determination. Relator avers that the sentence for prison breach should have commenced to run from December 28, 1943, and not from June 28, 1949. Ordinarily the petition would be premature as relator is not entitled to his discharge, but if he has served more than the minimum of his sentences and may apply for a parole, we may consider and dispose of the issue. *Com. ex rel. Pyeatte v. Burke,* 158 Pa. Superior Ct. 336, 339, 44 A. 2d 856.

Relator was first sentenced on February 9, 1935, by the Court of Oyer and Terminer and the Court of Quarter Sessions of Franklin County as follows: (1) Oyer and Terminer, No. 1, April Term, 1935, two and one-half years to five years in the Eastern State Penitentiary; (2) Quarter Sessions, No. 1, April Sessions, 1935, two and one half years to five years in the Eastern State Penitentiary to begin at the expiration of the Oyer and Terminer sentence; and (3, 4, 5, 6, and 7) Quarter Sessions, Nos. 2, 3, 4, 5, and 6, April Sessions, 1935, five sentences of one to two years in the Eastern State Penitentiary each to run concurrently with the sentence at No. 1, April Term (Oyer and Terminer), 1935. We shall refer to these sentences by their consecutive numbers rather than by the court term and number. Relator was transferred to the Western State Penitentiary at Rockview on May 28, 1937. He escaped from Rockview on July 24, 1937, after serving two years, five months, and fifteen days on Sentence No. 1, and the full two-year maximum terms of Sentences Nos. 3, 4, 5, 6, and 7, thus leaving an unserved balance of two years, six months, and fifteen

days on Sentence No. 1, and five years on Sentence No. 2. More than three years later, on December 13, 1940, relator was apprehended at Akron, Ohio, and returned to Rockview. On December 16, 1940, he pleaded guilty to, and was sentenced upon, three additional bills of indictment in the Court of Quarter Sessions of Centre County, as of September Sessions, 1937, as follows: (8) No. 157, for escaping prison, two and one-half to five years in the Western State Penitentiary to commence from the expiration of the second sentence imposed by the Court of Franklin County (Sentence No. 2 of the series); (9) No. 158, for robbery, two and one-half to five years in the Western State Penitentiary to commence from the expiration of No. 157 and to run concurrently with sentence on No. 159; and (10) No. 159, for larceny of automobile, three to six years in the Western State Penitentiary to commence from the expiration of sentence on No. 157. When relator returned to the penitentiary, he commenced serving the unexpired balance of Sentence No. 1, the minimum of which, after adjustment for three years, four months, and nineteen days of "escape time," was completed on December 28, 1940. Constructive parole was granted upon Sentence No. 1, effective June 28, 1941, with the result that relator then commenced serving Sentence No. 2. On September 30,,1941, relator was transferred from the Western State Penitentiary to the Eastern State Penitentiary. While there the maximum term on Sentence No. 1 expired on June 28, 1943. Thereafter, relator committed a prison breach, although he did not succeed in escaping. He pleaded guilty to this charge in the Court of Quarter Sessions of Montgomery County, as of No. 7-1, September Sessions, 1943, and on September 23, 1943, he was sentenced (11) to serve not less than two nor more than four years in the Eastern State Penitentiary "to commence at expiration of original sentence and sentence on which you are now serving" (Sentence No. 2 of the series). Approximately

three months later, on December 28, 1943, relator completed service of the minimum of Sentence No. 2; and he was granted constructive parole on that sentence. Admittedly, relator then commenced service of Sentences Nos. 8, 9, and 10. Since these sentences were imposed at one time and by the same court, they may properly be treated as a single combined sentence of five and one-half to eleven years for the purpose of computing eligibility for parole. Act of June 25, 1937, P. L. 2093, No. 420, §1, 19 PS §897; *Com. ex rel. Lycett v. Ashe,* 145 Pa. Superior Ct. 26, 20 A. 2d 881. The combined minimum of these sentences expired on June 28, 1949, and the combined maximum will expire on December 28, 1954. Should Sentence No. 11, for prison breach, commence to run from December 28, 1943, as relator urges, or should it commence to run from June 28, 1949?

The language of the sentencing judge clearly expresses his intention that the sentence for prison breach should commence to run at the expiration of the sentence which relator was serving at the time of the breach, Sentence No. 2 of the series. The courts have inherent power to fix the time for beginning the service of sentences which they impose (*Com. ex rel. McGinnis v. Ashe,* 330 Pa. 289, 291, 292, 199 A. 185) ; and the directions of the court with relation thereto should be given effect unless there is some statutory provision which requires a different result (*Toliver v. State Board of Parole,* 157 Pa. Superior Ct. 218, 42 A. 2d 285). The discretionary powers of the courts are recognized by the Act of May 28, 1937, P. L. 1036, §1, 19 PS §894, which provides, in part, that where "the person sentenced shall then be undergoing imprisonment under a sentence imposed for any other offense or offenses, . . . the said sentence shall begin to run and be computed, either from the date of imposition thereof or from the expiration of such other sentence or sentences, as the court shall, in its discretion, direct." Section 309 of the Act of June 24, 1939,

P. L. 872, 18 PS §4309, which supplies the former Act of March 31, 1860, P. L. 382, §3, 18 PS §251, places a restriction upon the time of commencement and the order of sequence in which a sentence for prison breach shall be served. It must "commence from the expiration of his original sentence, . . . by virtue of which he was imprisoned." The phrase "original sentence" has been construed to mean the sentence which the prisoner was serving at the time of the prison breach. *Com. ex rel. McGinnis v. Ashe,* supra, 330 Pa. 289, 291, 199 A. 185; *Com. ex rel. Lycett v. Ashe,* supra, 145 Pa. Superior Ct. 26, 28, 20 A. 2d 881. Where there are other outstanding sentences in addition to the one which the prisoner was serving at the time of the breach, our Supreme Court has said that the Act requires only that the sentence for prison breach be served after the sentence he was then serving, and that it need not commence at the very time when such sentence has been completed. *Com. ex rel. McGinnis v. Ashe,* supra, 330 Pa. 289, 291, 199 A. 185. It is permissible for a court to direct that the sentence for prison breach shall be served consecutively to other outstanding sentences, and not merely to the one which the prisoner was serving at the time of the breach. *Com. ex rel. Harding v. Smith,* 138 Pa. Superior Ct. 215, 216, 10 A. 2d 842; *Com. ex rel. Nedeau v. Ashe,* 139 Pa. Superior Ct. 414, 416, 12 A. 2d 510. Cf. *Com. ex rel. Dorillo v. Smith,* 144 Pa. Superior Ct. 265, 19 A. 2d 757. In the present case, while the Court of Quarter Sessions of Montgomery County might have directed the sentence for prison breach to be served consecutively to the other outstanding sentences charged against relator it did not do so; and we find no reason why effect should not be given to the expressed intention of the court. The sentence in question was directed to run from the expiration of Sentence No. 2 with the result that, when constructive parole on Sentence No. 2 was granted, relator

commenced, as of December 28, 1943, to serve the two to four year sentence for prison breach. On December 28, 1947, service of the maximum term for prison breach was completed; and on June 28, 1949, relator completed the minimum of Sentences Nos. 8, 9, and 10. As a consequence, relator may now apply for parole.

In other respects the rule is discharged, and the petition is dismissed.