## Commonwealth ex rel. Kush v. Burke, Warden

*Clinton R. Weidner*, district attorney; *Frank P. Lawley, Jr.*, Deputy Attorney General, and *Robert E. Woodside*, Attorney General, for Commonwealth.

*Frederick J. Templeton, Kenneth W. Hess* and *Herbert L. Maris*, for petitioner.

SHEELY, P. J., December 11, 1952.—This petition for a writ of habeas corpus raises the question of what penalty may be imposed upon an inmate of the Pennsylvania Industrial School for prison breach committed at that school. Relator was sentenced to the Pennsylvania Industrial School at Camp Hill by the Court of Quarter Sessions of Cambria County on January 12, 1948, for the crimes of larceny and receiving stolen goods. On June 10, 1949, he escaped, and was later apprehended in Lawrence, Kans., on June 29, 1949. On July 28, 1949, relator entered a plea of guilty in the Court of Quarter Sessions of Cumberland County, Pa., to a charge of prison breach and was sentenced to imprisonment in the Eastern State Penitentiary for a

term of not less than two and one-half years nor more than five years and, in addition, there was added a further sentence to the penitentiary for the remainder of the term which this prisoner was serving at the time of his escape, being the unexpired portion of his general sentence to the Pennsylvania Industrial School at Camp Hill, or 3 years, 4 months and 29 days. He is presently confined in the Eastern State Penitentiary, and contends that his sentence to the penitentiary is illegal and void.

The effect of the original general sentence to the Pennsylvania Industrial School at Camp Hill, imposed by the Court of Quarter Sessions of Cambria County, was, under the provisions of section 6 of the Act of April 28, 1887, P. L. 63, 61 PS §485, to subject relator automatically to confinement at the school for the full term of five years, which was the maximum term which could have been imposed for the crime of larceny under section 807 of the Act of June 24, 1939, P. L. 872, 18 PS §4807, unless sooner released by action of the Pennsylvania Board of Parole: Commonwealth ex rel. Brough v. Burke, 168 Pa. Superior Ct. 119 (1951); Act of August 6, 1941, P. L. 861, secs. 17 and 31, 61 PS §§331.17, 331.31; Commonwealth ex rel. Williamson v. Burke, 172 Pa. Superior Ct. 39 (1952). At the time relator escaped there remained to be served 3 years, 4 months and 29 days of the maximum sentence for larceny.

Under section 5 of the Act of June 6, 1893, P. L. 326, 61 PS §524, it is provided that any inmate of the industrial school escaping "shall be deemed and taken to have committed an escape or breach of prison, and shall be subject to like penalties as are now provided by law for an escape or breach of prison, and may be punished accordingly: . . .". This statute is applicable to the Pennsylvania Industrial School at Camp Hill: Act of June 21, 1937, P. L. 1944, as amended, sec. 6, 61 PS §545-6.

When the Act of 1893 was enacted the penalty for escape or prison breach was fixed by section 3 of the Act of March 31, 1860, P. L. 382, and sections 1 and 2 of the Act of June 10, 1885, P. L. 79, which acts have been consolidated and reënacted by section 309 of the Act of June 24, 1939, P. L. 872, 18 PS §4309. The statute provides alternate penalties for a person convicted of prison breach. He may "be sentenced to undergo an imprisonment, to commence from the expiration of his original sentence, of the like nature, and for a period of time not exceeding the original sentence, by virtue of which he was imprisoned" (section 3 of the original Act of 1860), or the court may sentence any prisoner who may be convicted of prison breach to the penitentiary for said offense, and add to said sentence for prison breach a further sentence to the said penitentiary for the remainder of the term which said prisoner was serving at the time of his escape, and said sentence shall release the prisoner from serving the remainder of the term he was serving at the time of his escape. (Act of 1885).

The relator was sentenced to the penitentiary under the second alternative and, since the maximum sentence for larceny was five years, the penitentiary sentence of two and one-half to five years was correct, and the addition thereto of the unexpired sentence of 3 years, 4 months and 29 days was in accordance with the statute.

In Commonwealth ex rel. v. Francies, 73 Pa. Superior Ct. 285, 289 (1919), Judge Porter said:

". . . [the Act of June 10, 1885, P. L. 79] is a substitute for, or amendment of, the Act of 1860, in so far as it goes, but it refers only to the sentence and place of imprisonment thereunder. Under the Act of 1860 the sentence for breaking penitentiary or jail was to be imprisonment, 'of the like nature' with that imposed by the original sentence, but the Act of 1885 gave the courts jurisdiction to sentence to the peniten-

tiary for the offense of jail breaking. The courts have jurisdiction to impose a sentence of imprisonment in the penitentiary for breaking, or escaping from, either the penitentiary or the jail. The escape is a substantive offense, and the punishment thereof is not merely incidental to the punishment for the offense for which the prisoner may have been confined. . . ."

Since, under section 5 of the Act of June 6, 1893, P. L. 326, 61 PS §524, an escapee from the industrial school shall be subject to like penalties as were then provided by law for an escape or breach of prison, and may be punished accordingly, what was said in that case is applicable here.

Relator's contention that the statutes providing penalties for prison breach provide for sentences of like nature and for a period not exceeding the original sentence by which the inmate was imprisoned at the time he committed the breach of prison overlooks the provisions of the Act of 1885, P. L. 79, as contained in the third paragraph of section 309 of the Act of 1939, above referred to. In Commonwealth ex rel. Dorillo v. Smith, 144 Pa. Superior Ct. 265 (1941), defendant, while on parole, was convicted of an offense under The Vehicle Code, punishable by simple imprisonment, and was sentenced to the county jail. Two days later he escaped. When apprehended he entered a plea of guilty to a charge of escape and was sentenced thereunder to the penitentiary with an additional sentence imposed for the remainder of the term which he was serving at the time of his escape (for violation of The Vehicle Code). President Judge Keller said (page 269) :

"Had it not been for the Act of June 10, 1885, the relator would have served his sentences under bills No. 95 March Sessions 1934 (the Vehicle Code) and No. 9 June Sessions 1934 (escape) in the Berks County jail before beginning to serve in the penitentiary the four years remaining of his sentence to No. 349 De-

cember Sessions 1929 (parole violation). But the provisions of the Act of 1885 having authorized his commitment to the penitentiary for his prison break and provided for his serving the remainder of his sentence under No. 95 March Sessions 1934 in the penitentiary. . . ."

In his brief relator calls attention to the case of Commonwealth v. Margerita, September sessions, 1934, no. 59, Court of Quarter Sessions of Huntingdon County, in which Judge Fetterhoof vacated a sentence to the penitentiary previously imposed upon an escapee from the Pennsylvania Industrial School at Huntingdon for the reason that it had been called to his attention that the provisions of the law relating to escapes from the Pennsylvania Industrial School do not allow a sentence to the penitentiary. We must respectfully disagree with this conclusion as it completely overlooks the effect of section 5 of the Act of June 6, 1893, P. L. 326, 61 PS §524, and the Act of June 10, 1885, P. L. 79, as reënacted in section 309 of the Act of June 24, 1939, P. L. 872.

We conclude that a person escaping from the Pennsylvania Industrial School is subject to like penalties as provided by law for an escape or breach of prison, and that the court has jurisdiction either to sentence such person to undergo imprisonment to commence from the expiration of his original sentence, of the like nature, and for a period of time not exceeding his original sentence by virtue of which he was imprisoned, or to sentence such person to the penitentiary for prison breach and to add to that sentence a further sentence to the penitentiary for the remainder of the term which he was serving at the time of his escape which, in the case of an inmate of the Pennsylvania Industrial School, is the maximum term which could have been imposed for the offense for which he was committed. The sentence imposed in this case was in strict accordance with the statutes.

It is interesting to note, in passing, that under the Amendment of June 30, 1951, P. L. 974, to the Act of April 28, 1887, P. L. 63, 61 PS §483, a person previously sentenced to a State reformatory or to an industrial school of reformatory grade may not be sentenced to the Pennsylvania· Industrial School at Camp Hill. Under this amendment a person escaping from the Pennsylvania Industrial School, after having been sentenced there, could not be sentenced to that school for prison breach. Consequently, as the law now stands, a person escaping from the Pennsylvania Industrial school must be sentenced to the penitentiary.

And now December 11, 1952, at 10 a.m., the petition for a writ of habeas corpus is dismissed.