Commonwealth *v.* Wright, Appellant.

384

Argued March 19, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Nathan Criste,* Assistant Public Defender, for appellant.

*Martin J. King,* Assistant District Attorney, with him *Stephen B. Harris,* First Assistant District Attorney, and *Kenneth G. Biehn,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAETH, J., December 11, 1974:

Appellant contends that his sentence for prison breach is illegal under the Act of June 24, 1939, P. L. 872, §309, as last amended by the Act of July 16, 1968, P. L. 353, No. 174, §1, 18 P.S. §4309 (Supp. 1972).[1] Specifically, he claims that the following provision of

---

[1] Repealed. Act of Dec. 6, 1972, P. L. 1482, No. 334, §1, effective June 6, 1973. Prison breach is now included in the crime of escape. 18 Pa. C. S. §5121 (1973).

that statute was violated: "When said prison breach occurs after conviction for an offense other than the prison breach, said sentence shall commence from the expiration of the original sentence and any other sentences previously imposed which remained to be served at the time the offense of prison breach was committed."

Appellant escaped from the Bucks County prison on February 26, 1973. He was at that time serving a flat six month sentence due to expire on April 18, 1973. Seven days after his escape appellant was caught and returned to the Bucks County prison. The six month term was thus extended 7 days to April 25. Not being able to raise bail on the prison breach charge he remained in the prison until June 15, when bail was posted. On June 25, while out on bail, appellant was arrested in Philadelphia for larceny of an automobile. He was taken to the Detention Center in Philadelphia, where he remained until September 28, when at his request he was returned to Bucks County and pleaded guilty to prison breach.

It developed at the sentencing hearing that while in Philadelphia appellant had pleaded guilty to the larceny charge (as well as to other charges pending against him in Philadelphia) but had not yet been sentenced because the Philadelphia court had ordered and was awaiting a psychiatric evaluation and presentence report. Appellant was thereupon sentenced to serve a term of nine to twenty-three months in prison for prison breach, "this sentence to begin and be computed from the expiration of any sentence to be imposed by the City of Philadelphia [sic]." In his opinion to us the sentencing judge states that in serving this sentence appellant is entitled to "a credit . . . for the period between April 26 and June 15, 1973."

The Act of June 24, 1939, *supra,* requires that a sentence for prison breach "shall commence from the

expiration of the original sentence. . . ." Appellant's original sentence was due to expire on April 18. In fact, however, it expired on April 25, for appellant was not entitled to credit for the seven days he was away from prison, between his escape and return. Appellant's sentence for prison breach should therefore have commenced on April 26. Against this sentence appellant is entitled to credit for the time he spent in the Bucks County prison (April 26 to June 15), before he raised bail and while he was awaiting trial for his prison breach. He is not entitled to credit either for the time he spent out on bail (June 15 to June 25) or for the time he spent in the Philadelphia Detention Center on the larceny charge (June 25 to September 28). Act of Aug. 14, 1963, P. L. 841, §1, 19 P.S. §898.

In his opinion the sentencing judge acknowledges that "perhaps the sentence we imposed on September 28, 1973, should have commenced from April 25, 1973. . . ." If the judge had stated that the sentence he "imposed on September 28" "commenced on September 28," the error of saying "September 28" instead of "April 26" would have been merely technical and of no substantive consequence, for the judge correctly stated the time appellant was entitled to credit against his sentence. Thus it was said concerning identical wording in a statute previous to the Act of June 24, 1939, *supra*: "It does say that the sentence for escape is 'to commence from the expiration of his original sentence,' but the obvious meaning of this is that the sentence is to be served *after* his original sentence is served. It does not mean that he must begin to serve the sentence for escape on the very day his original sentence expires. . . . The Commonwealth is concerned only with seeing to it that a prisoner who escapes is penalized for doing so. The exact date on which he *begins* to pay the penalty is of no importance." *Com-*

*monwealth ex rel. McGinnis v. Ashe,* 330 Pa. 289, 291-92, 199 A. 185, 186 (1938).[2]

The difficulty is that the sentencing judge did not say that his sentence should "commence on September 28" (with the requisite credit being given) but that it should commence "from the expiration of any sentence to be imposed" by the Philadelphia court. This rendered the sentence illegal under the Act of June 24, 1939, *supra,* and constituted an improper intrusion upon the authority of the Philadelphia court. Under the Act the sentence for prison breach "shall commence from the expiration of the original sentence and any other sentences *previously imposed* which remained to be served at the time the offense of prison breach was committed." *Id.,* 18 P.S. §4309. In *Commonwealth ex rel. McGinnis v. Ashe, supra,* it was said that the sentencing judge "has the power to order that the sentence for escape be served immediately after the expiration of any and all other sentences theretofore imposed but which at the time are in whole or in part unserved." Id. at 292, 199 A. at 187 (emphasis deleted). The only sentence "previously [or 'theretofore'] imposed" on appellant was the flat six month sentence he was serving when he escaped. Accordingly that was the only sentence that the sentencing judge could consider in determining when the sentence for prison breach should commence. By making appellant's sentence for prison breach commence not only after the expiration of the flat six month sentence but also after the expiration of the still-to-be-imposed Philadelphia sentence the sentencing judge effectively deprived the Philadelphia judge of his authority to make the sentence for the Philadelphia larceny run concurrently with the

---

[2] Of course, "penalized" is not to be understood as depriving the judge imposing sentence for prison breach of the power to suspend sentence.

prison breach sentence. The purpose of the Act, to "penalize" the prisoner who escapes, is not served by interfering with the authority of a judge imposing sentence for an offense unrelated to and committed after the prison breach. Thus this court recently held that where the breach occurs while the defendant is in jail awaiting trial the sentence runs from the date he is recommitted. Judge JACOBS, writing for a unanimous court, said: "A sentence for prison breach imposed prior to conviction or sentence for any other offense must be imposed to commence from the date of commitment for the prison breach. We know of no reason to give a different application to such a sentence for prison breach than we would to a sentence for another crime imposed prior to conviction or sentence for any other offense." *Commonwealth v. Meise,* 225 Pa. Superior Ct. 524, 529, 312 A. 2d 48, 50-51 (1973).

The sentence of the court below is corrected to provide that sentence shall be computed from April 26, 1973, with credit for the period April 26, 1973, to June 15, 1973, but with no credit for the period June 15, 1973, to September 28, 1973, and as so corrected is affirmed.

HOFFMAN, J., took no part in the consideration or decision of this case.