## Commonwealth ex rel. Hoban, Appellant, *v.* Burke.

Argued October 14, 1952. Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross and Gunther, JJ. (Arnold, J., absent).

*Joseph K. Gordon,* for appellant.

*Martin Vinikoor,* Assistant District Attorney, with him *Malcolm Berkowitz,* Assistant District Attorney, *Samuel Dash,* Assistant District Attorney, *Michael von Moschzisker,* First Assistant District Attorney, and *Richardson Dilworth,* District Attorney, for appellee.

PER CURIAM, November 12, 1952:

Relator appeals from the order of the Court of Common Pleas No. 3, Philadelphia County, refusing his petition for writ of habeas corpus. Answers were filed to the petition, and hearing was held at which relator was present.

It appears from the record, and it is set forth in relator's petition for writ of habeas corpus, that relator, on October 1, 1938, entered pleas of guilty to 38 bills of indictment in the Court of Quarter Sessions of the County of Philadelphia, charging armed robbery, burglary, and other related crimes. At the hearing on the pleas relator was represented by the voluntary defender. Twenty-one prosecutors testified. Sentence was imposed on six bills of indictment, Nos. 1086, 1087, 1088, 1089, 1090, 1091, September Sessions, 1938. On each of the six bills sentence was imposed and recorded directing the service of a term of not less than five years nor more than fifteen years in the Eastern State Penitentiary, the same to run and be computed consecutively.[1]

---

[1] Relator was paroled on November 24, 1948, after commutation of his minimum sentences, and returned to the Eastern State Penitentiary after a conviction on March 15, 1951.

Relator's contention is that the sentences are illegal because the trial court in passing sentence said: "It is so serious, that the sentence of the Court is, they do not less than 30, nor more than 90 in the Eastern Penitentiary." Our statement in *Com. ex rel. Scoleri v. Burke,* 171 Pa. Superior Ct. 285, 288, 90 A. 2d 847, 849, is applicable and controlling: "The separate consecutive sentences endorsed on the bills of indictment, signed by the sentencing judge, and so entered in the records of the court constitute the sentences imposed in these cases. As such they complied with the requirements of Com. v. Harrison, supra [142 Pa. Superior Ct. 453, 16 A. 2d 665]. See Com. ex rel. Powers v. Smith, 138 Pa. Superior Ct. 161, 10 A. 2d 794. The fact that Judge McDevitt orally totaled the minimum and maximum terms of the separate sentences imposed cannot operate to invalidate them. He was merely voicing the cumulative effect of the separate sentences, and they were not erroneously lumped into one sentence. . . . Oral statements made by the judge in passing sentence, but not incorporated in the written judgment signed by him, are no part of the judgment of sentence."

Order is affirmed.