Commonwealth ex rel. Gentner, Appellant, *v.* Burke.

Argued March 18, 1954. Before Rhodes, P. J., Hirt, Ross, Gunther, Wright, Woodside and Ervin, JJ.

*Hanley S. Rubinsohn,* for appellant.

*Armand Del la Porta,* with him *Samuel Dash,* Assistant District Attorneys, *Michael von Moschzisker,* First Assistant District Attorney and *Richardson Dilworth,* District Attorney, for appellee.

OPINION BY WOODSIDE, J., July 13, 1954:

This is an appeal from the refusal of the Court of Common Pleas No. 6 of Philadelphia to grant a writ of habeas corpus. After hearing and argument in the court below the relator's petition was dismissed in a well written opinion by Judge ALLESANDRONI.

The matter arises out of the following undisputed facts:

On March 24, 1949 relator pleaded guilty to seven bills of indictment charging him with robbery. The endorsements signed by the court on the bills of indictments and the docket entries show that he was sentenced to seven consecutive sentences of two to five years each in the penitentiary.

At the hearing the relator attempted to attack the sentence by showing through the notes of testimony that, at the time of sentence, the judge said: "I will sentence Gentner to not less than two nor more than five years in the Eastern State Penitentiary on each of these holdups on bills numbers 663, 664, 665, 666, 667, 668 and 669."

The relator contends that because of the language quoted above the sentences on the seven bills were concurrent and having served the maximum of 5 years he should be discharged.

A sentence imposed on several bills is concurrent unless stated to be consecutive. *Com. v. Harrison,* 142 Pa. Superior Ct. 453, 16 A. 2d 665 (1940).

In *Com. ex rel. Scoleri v. Burke,* 171 Pa. Superior Ct. 285, 288, 90 A. 2d 847 (1952) this court said: "The separate consecutive sentences endorsed on the bills of indictment, signed by the sentencing judge, and so entered in the records of the court constitute the sentences imposed in these cases . . . Oral statements made by the judge in passing sentence, but not incorporated in the written judgment signed by him, are no part of the judgment of sentence."

This was followed in *Com. ex rel. Hoban v. Burke,* 172 Pa. Superior Ct. 21, 92 A. 2d 256 (1952).

Since the docket entries and the endorsement on the indictments show that the sentences imposed on the relator were consecutive and they and not the oral statement determine the sentence, the writ was properly dismissed.

Even if the oral statement of the Judge were the sentence the proper procedure would not be a writ of habeas corpus, but a motion to correct the docket entries to the end that they might speak the truth. *Com. ex rel. Scoleri v. Burke,* supra,; *Hill v. U. S. ex rel. Wampler,* 298 U. S. 460, 464, 56 S. Ct. 760, 80 L. Ed. 1283 (1936).

We feel, however, that it is incumbent upon us to urge sentencing judges to be more careful in their remarks while sentencing. They should take sufficient time in imposing sentences to clearly and accurately state the sentence in legal language.

Order affirmed.