## Commonwealth ex rel. Senkovich v. Banmiller

*Michael J. Senkovich*, p. p., for relator.

*R. Lesko*, Assistant District Attorney, for Commonwealth.

HENNINGER, P. J., June 17, 1957.—Relator brought this action in habeas corpus to avoid the sentences he is presently serving in the Eastern State Penitentiary.

Relator, while a prisoner in Bucks County, appeared in the Court of Quarter Sessions of Lehigh County on September 26, 1951, and upon his plea of nolo contendere to a charge of larceny and receiving, was sentenced to no. 47, June sessions, 1951, to undergo imprisonment in the Lehigh County Prison. Before the expiration of his Bucks County sentence, relator escaped from the Bucks County Prison and therefore has not yet served any part of this Lehigh County sentence. After relator's commitment to the Eastern State Penitentiary on the sentences hereinafter mentioned, relator was transferred technically to the Eastern State Penitentiary for eventual service of the sentence to no. 47, June sessions, 1951.

On March 22, 1952, while an escapee from the Bucks County Prison, relator was arrested on charges of robbery and burglary to no. 19, June sessions, 1952, and nos. 56, 57 and 66, April sessions, 1952. While awaiting hearing on these charges, he attempted to escape from the Lehigh County Prison and was charged with prison breach to no. 20, June sessions, 1952.

Relator pleaded guilty to all of the above charges on June 23, 1952, and on June 30, 1952, was sentenced as follows: On no. 20, June sessions, to the Eastern State Penitentiary for not less than one nor more than two years dating from March 22, 1952, the date of his original arrest, and on no. 19, June sessions, 1952, and on nos. 56, 57 and 66, April sessions, 1952, to concurrent sentences in the Eastern State Penitentiary of 5 to 10 years in each case.

The docket of the clerk of quarter sessions in each of the last four above named prosecutions, after reciting the term of imprisonment contains the following language ". . . to run concurrent with the other sentences and stand committed until this sentence is

complied with." The sentences were so certified to the warden of the Eastern State Penitentiary.

On July 12, 1952, there appears the following entry on the docket of prosecution no. 66, April sessions, 1952: "Now, July 12, 1952, corrected commitment paper issued to the effect that the sentence in this case is to follow the sentence in case No. 20, June Sessions 1952, and is not to be concurrent with any other sentence." Such a 'corrected' commitment paper was in fact sent to the warden of the penitentiary, who apparently corrected his records to indicate that the sentence in no. 66, April sessions, 1952, was consecutive to and not concurrent with that in no. 20, June sessions, 1952.

Relator in his combined application for a writ of habeas corpus and argument states the questions involved substantially as follows: (1) Whether the court can, after the term, increase the time to be served; (2) whether the court could issue a second warrant of commitment; (3) whether the time when the court had power to resentence had expired and; (4) does a defendant have the right to be present at change of sentence.

As to the first and third questions raised, the change on the docket was made within the term of court and, therefore, the court still had control over the sentences that had been imposed. The June term of court in 1952 began on the third Monday of June and continued until the fourth Monday in September, 1952, when the September term began.

As to the fourth question, a defendant clearly has the right to be present if the court desires to impose another and different sentence, even though the resentence is during the same term. A study of the July 12th docket entry, however, shows that it does not purport to resentence or to modify a sentence. It

merely states that the commitment paper should be changed.

Relator is undoubtedly correct in his second proposition as it relates to this case. While the court may at any time correct a commitment to have it conform to law or to the sentence as pronounced, (Commonwealth ex rel. Paige v. Smith, 130 Pa. Superior Ct. 536, 546; Commonwealth v. Downer, 161 Pa. Superior Ct. 339, 342), it cannot issue a commitment that is in conflict with the sentence as it is recorded; Commonwealth ex rel. Cox v. Ashe, 146 Pa. Superior Ct. 365, 369.

In this case the sentence in all but no. 20, June sessions, 1952, and in no. 47, June sessions, 1951, with which we are not now concerned, read that they are ". . . to run concurrent with the other sentences." It would be futile at this late day to seek to determine why and on what authority the July 12, 1952, entry was made in no. 66, April sessions, 1952. We assume it was made in order to have the commitment conform to someone's recollection of what the court had said in imposing the sentence.

It has been stated, however, in Commonwealth ex rel. Scoleri v. Burke, 171 Pa. Superior Ct. 285, 288, and in Commonwealth ex rel. Gentner v. Burke, 175 Pa. Superior Ct. 440, 442, that oral statements by the sentencing judge not incorporated in the docket entries are no part of the sentence.

The entry on July 12, 1952, does not indicate upon what authority it was made. To the extent that it is not in conformity with the recorded sentence, it is a nullity and cannot affect the sentences as recorded. Even if it were an illegal attempt to modify the original sentence, it would not affect the legality or validity of the original sentence: Commonwealth ex rel. Tiscio v. Burke, 173 Pa. Superior Ct. 350, 354; Halderman's Petition, 276 Pa. 1, 4.

Several other things are to be noted. First, the entry refers to no. 66, April sessions, 1952, alone. Even if, as relator wrongly contends, the entry voided the original sentence in that case, there are three other 5 to 10 year concurrent sentences in nos. 56, 57, April sessions, 1952, and in 19, June sessions, 1952, that would have to be served and as to which there was no attempt at modification.

Second, even if relator has served the minimum of the sentences in no. 20, June sessions, 1952, and in nos. 56, 57 and 66, April sessions, 1952, and in 19, June sessions, 1952, he could not *demand* a technical parole to begin serving the sentence in no. 47, June sessions, 1951, for parole, technical or otherwise, is a matter of grace and not of right.

The sentences in 19, June sessions, 1952, in 56, April sessions, 1952, and in 66, April sessions, 1952, could have been for a maximum of 20 years each consecutively served. If the parole board felt that parole on the concurrent sentences should be postponed to some period beyond the minimum imposed, they would be justified in so doing.

Third, no move has been made by the district attorney to modify the record in no. 66, April sessions, 1952, to make the record conform to what may have been the pronouncement of the court, namely, that the sentence in that case was to be consecutive to and not concurrent with that in no. 20, June sessions, 1952. If such a move is made, relator will be heard; the matter is not before the court at this time.

Fourth, an error in the sentence in no. 57, April sessions, 1952, seems to have gone unnoticed. The charge there is larceny and receiving for which the maximum penalty is five years. Since there are three other concurrent sentences of 5 to 10 years, we shall not trouble to resentence, but shall revoke the provision for imprisonment on that charge.

The proper remedy for a faulty record is a motion to correct the docket entries and not a writ of habeas corpus: Commonwealth ex rel. Gentner v. Burke, supra. We shall save relator the burden of such application by directing the necessary corrections upon the respective dockets upon the court's own motion.

Now, June 17, 1957, it is ordered and decreed that the rule heretofore issued be discharged and the application for a writ of habeas corpus denied.