Commonwealth ex rel. Dailey, Appellant, *v.*
Myers.

Argued March 10, 1958. Before RHODES, P. J.,
WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT
and GUNTHER, JJ., absent).

*Joseph Dailey,* appellant, in propria persona.

*Frank B. Doyle,* District Attorney, for appellee.

OPINION BY RHODES, P. J., June 11, 1958:

In this habeas corpus proceeding, relator questions the legality of his sentence for prison breach; he is now confined in the State Penitentiary at Graterford.

It is relator's contention that the Act of July 29, 1953, P. L. 1445, 18 PS §4309, provides for punishment for prison breach only in those cases when a prisoner is under sentence at the time of the prison breach.

The Act of 1953 amends section 309 of the Act of June 24, 1939, P. L. 872, by striking out the section and substituting therefor section 1 of the Act of 1953. It supplants any previous enactment on the subject, and makes prison breach as therein defined a felony and fixes the penalty. Before the Act of 1953 prison breach was a misdemeanor.

We find no merit in relator's argument.

Relator was charged with burglary. In default of bail he was committed to the York County Jail. While there confined he escaped and was subsequently apprehended. Thereafter he was indicted for both offenses. He entered pleas of guilty and was sentenced on the burglary charge to a term of not less than two and one-half years nor more than five years. For prison breach he was sentenced to a term of not less than one and one-half years nor more than three years, this sentence to be consecutive to, and begin at, the expiration of the sentence for burglary.

The questioned sentence was legal and proper under the Act of 1953. This Act provides: "Any person undergoing imprisonment who breaks prison and escapes, or shall break prison although no escape is actually made, is guilty of prison breach, a felony, and, on conviction thereof, shall be sentenced to undergo imprisonment, by separate and solitary confinement at labor, for a term not exceeding ten (10) years." The word "imprisonment," as used in this section, means (1) actual confinement in any penal or correctional institution located in this Commonwealth; (2) any restraint by lawful authority pursuant to a court order or (3) after conviction of any crime. It obviously applies to those imprisoned before conviction and sentence. Relator, although not convicted or sentenced, was confined in jail on the charge of burglary in default of bail at the time of the prison breach. He was sentenced first on the burglary charge and thereafter for prison breach. The sentence for the latter offense was directed to begin at the expiration of the sentence for the offense for which he was originally confined.

Prison breach is a substantive offense, and punishment therefor is not merely incidental to the original offense and follows irrespective of the propriety of the commitment at the time of escape.

The Act of 1953 makes it mandatory that the sentence for prison breach shall commence from the expiration of an original sentence being served, but, in the absence of such a sentence at the time of escape, the courts have inherent power to fix the time for beginning the service of sentence imposed for prison breach. See *Com. ex rel. Hill v. Burke,* 165 Pa. Superior Ct. 583, 587, 69 A. 2d 169.

The order is affirmed.