124

Commonwealth ex rel. Via, Appellant, *v.*
Banmiller.

Submitted September 15, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Melvin Via,* appellant, in propria persona.

*Robert Sullivan,* Assistant District Attorney, for appellee.

Opinion by Ervin, J., November 14, 1958:

This is an appeal from an order of the Honorable A. H. Ehrgood, President Judge of the Court of Common Pleas of Lebanon County, dismissing the petition for a writ of habeas corpus after a hearing at which the relator and his counsel were present.

The facts are as follows: on August 2, 1955 relator was arrested and imprisoned in the Lebanon County jail on a charge of pointing a deadly weapon, to No. 54 December Sessions, 1955 (hereinafter called "54"), in the Court of Quarter Sessions of Lebanon County. Relator was unable to raise bail and while in jail awaiting the disposition of this charge, additional indictments were filed to No. 27 December Sessions, 1955 (hereinafter called "27"), consisting of three counts of larceny, malicious mischief and conveying liquor to prisoners; and to No. 55 December Sessions, 1955 (hereinafter called "55"), of being an accessory before the fact of a prison breach. On October 26, 1955 relator pleaded guilty to 54 and was sentenced to serve not less than 3 months and not more than 15 months, to be computed from his original commitment on August 2, 1955, in the Lebanon County jail. On October 27, 1955 relator pleaded guilty to indictment 27 and was sentenced to pay one-half of the costs of prosecution and be imprisoned in the Eastern State Penitentiary for a period of not less than 1 year and not more

than 2 years; also on October 27, 1955 the relator pleaded guilty to 55 and was sentenced to "pay the costs of prosecution and that he be imprisoned in the Eastern State Penitentiary for a period of not less than one and one-half years and not more than three years, said sentence to commence at the expiration of the original sentence and any other sentences previously imposed which remained to be served at the time of the offense of being an accessory before the fact of a prison breach was committed." On October 27, 1955 the sheriff of Lebanon County transported the relator to the Eastern State Penitentiary, before the relator had served the balance of his sentence on 54. On February 11, 1956 the court below made an additional order to 54 directing the return of relator to the Lebanon County prison for service of the remaining sentence imposed on 54. Following that order, relator was recommitted to the Lebanon County prison, where he remained until March 12, 1956, at which time he was redelivered to the Eastern State Penitentiary. The record of the penitentiary originally listed relator's time as running from October 27, 1955 on 27 but as now listed it is running from March 12, 1956.

Relator contends that the language used by the court below on sentence 55 failed to create a consecutive term and therefore it is void and he is now being illegally confined because of the expiration of the maximum terms on sentences 54 and 27. We cannot agree with this contention. The court's sentence on 54 was entirely proper since the court began this sentence from the date of commitment, to wit: August 2, 1955: Act of May 28, 1937, P. L. 1036, §1, 19 PS §894. On October 26, 1955, when sentence 54 was imposed, relator was not "undergoing imprisonment under a sentence imposed for any other offense or offenses. . . ." Therefore, the relator being in custody in default of

bail for offense 54, it was mandatory under the above act that sentence 54 be computed from the date of commitment. This sentence normally would have expired on November 2, 1956, the end of the maximum term of 15 months. A sentence for an indefinite term must be deemed a sentence for the maximum term: *Com. v. Kalck*, 239 Pa. 533, 87 A. 61; *Com. ex rel. Carmelo v. Smith*, 347 Pa. 495, 32 A. 2d 913.

The sentence imposed by the court below in 27 commenced on October 27, 1955, the date when it was imposed, and expired at the end of the maximum term of two years on October 27, 1957. Under §1 of the Act of May 28, 1937, supra, the sentence necessarily began to run on the date of imposition since the court failed to state when the sentence was to commence, and the two-year maximum term expired on October 27, 1957.

We cannot agree with relator's contention that the sentence on 55 was void.[1] The Act of July 29, 1953, P. L. 1445, §1, amending the Act of June 24, 1939, 18 PS §4309, in material part reads as follows: "Any person undergoing imprisonment who breaks prison and escapes, or shall break prison although no escape is actually made, is guilty of prison breach, a felony, and, on conviction thereof, shall be sentenced to undergo imprisonment, by separate and solitary confinement at labor, for a term not exceeding ten (10) years.

"Said sentence shall commence from the expiration of the original sentence and any other sentences previously imposed which remained to be served at the time the offense of prison breach was committed.

". . .

---

[1] To correct an illegal sentence a prisoner is entitled to a writ of habeas corpus: *Com. ex rel. Rogers v. Harris*, 180 Pa. Superior Ct. 323, 326, 119 A. 2d 862.

"The word 'imprisonment', as used in this section, means actual confinement in any penal or correctional institution located in this Commonwealth, or any restraint by lawful authority pursuant to a court order or after conviction of any crime."

This amendment made several important changes in that prison breach is now a felony punishable by separate and solitary confinement at labor for a term not exceeding 10 years. Under the prior act the crime of prison breach was a misdemeanor and punishable by imprisonment not to exceed two years, with some exceptions which are not here present. The most important change, however, is that under the prior act the second clause was applicable only where the prisoner was imprisoned by virtue of a sentence: *Com. ex rel. Gibbs v. Ashe,* 165 Pa. Superior Ct. 35, 40, 67 A. 2d 773. The 1953 amendment omits that section and makes no distinction as to whether or not the person committing the breach was a person "charged with an indictable offense" or a person "imprisoned after conviction" but now relates to "any person undergoing imprisonment". The word "imprisonment" means "actual confinement in any penal or correctional institution located in this Commonwealth, or any restraint by lawful authority pursuant to a court order or after conviction of any crime." The relator was "undergoing imprisonment" at the time of the commission of the offense charged in 55. While he was charged as an accessory before the fact of prison breach, the Act of June 24, 1939, P. L. 872, §1105, as amended, 18 PS §5105, provides that every "accessory before the fact, to any felony at the common law or under any act of Assembly may be indicted, tried, convicted, and if no punishment is provided, may be punished in all respects as if he were the principal felon." The court expressed the intention that the sentence in 55 was

to commence at the expiration of 54, which normally would have expired November 2, 1956; therefore it is clear that the sentence imposed in 55 would not expire until November 2, 1959, the end of the maximum three-year term. The sentence imposed in 55 could not be consecutive to the sentence imposed in 27 for the reason that that sentence had not been imposed previously and did not remain to be served when the offense in 55 was committed. The petition for the writ of habeas corpus was therefore properly dismissed by decree of the court below dated April 1, 1958 under the state of the record as presented to the court at that time: *Com. ex rel. Hill v. Burke,* 165 Pa. Superior Ct. 583, 69 A. 2d 169. The court below, however, made a supplemental decree on May 1, 1958, stating that "it having been ascertained that the two penitentiary sentences run concurrently, and that the parole was effective March 12, 1956, the said maximum term of said sentences in the Eastern State Penitentiary will terminate three years from March 12, 1956." This change on May 1, 1958 was made because it had been called to the court's attention, subsequent to the order of April 1, 1958, that on March 10, 1956 the court had made the order above referred to. Reduced to its simplest terms, this means that the original sentence in 54 terminated on March 12, 1956 and that the sentence in 55 of 1½ to 3 years commenced on March 12, 1956 and therefore will not terminate until March 12, 1959.

We add that the minimum sentence under 55 having expired September 12, 1957, the relator could at this time present a petition to the Pennsylvania Board of Parole seeking a parole.

Order affirmed.