Commonwealth *v.* Goodman, Appellant.

Submitted December 7, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Robert A. Godwin,* Assistant Public Defender, for appellant.

*Stephen B. Harris,* Assistant District Attorney, and *Ward F. Clark,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 23, 1971:
Judgment of sentence affirmed.

———

DISSENTING OPINION BY HOFFMAN, J.:
Appellant was tried and convicted of burglary and other charges. Although he had not been sentenced, he was incarcerated in the county prison pending a hearing concerning the voluntariness of his confession. While confined, he took part in a prison breach and

escaped. He was apprehended in Maryland, charged with a crime, and sentenced to a prison term there, which he is presently serving.

While in the Maryland prison appellant requested to be brought back to Pennsylvania to clear up the charges against him. He pleaded guilty to prison breach and was sentenced to five to ten years to commence at the expiration of the sentence he is serving in Maryland.

The penal statute concerning prison breach provides that any person undergoing imprisonment who breaks prison is guilty of a felony. "When said prison breach occurs after conviction for an offense other than the prison breach, [the] sentence shall commence from the expiration of the original sentence and any other sentences previously imposed which remained to be served at the time the offense of prison breach was committed." Act of June 24, 1939, P. L. 872, §309, as amended, July 16, 1968, P. L.    , No. 174, §1, 18 P.S. §4309 (Supp. 1970).

Concerning appellant's sentencing for prison breach the court below noted in its opinion that "[w]hether or not as a legal proposition the prison breach can be said to have occurred 'after conviction' of another offense in this jurisdiction (in light of [appellant's] undisposed of motions for new trial and in arrest of judgment) there is no doubt that he had not yet been sentenced for such offense at the time of his escape. Nonetheless he had been convicted for a particularly heinous crime, . . . While the prison breach statute quoted above appears to require the imposition of the mandated consecutive sentence only when the prison breach occurs following conviction of, *and sentence for,* another offense, . . . we nevertheless deem it to be within our discretion to impose such a sentence whether or not it is required by the statute."

I can well appreciate the reluctance of the lower court to favorably consider any type of diminished sentence for appellant. However, I do not believe that the sentencing here was within the court's discretion. The legislature has clearly required that in order for the sentence on a prison breach to be consecutive to the original sentence, there must be such original sentence. Here, "at the time the offense of prison breach was committed" appellant was not serving an original sentence or awaiting "any other sentences previously imposed."[1]

I believe that the sentencing statute must be strictly adhered to and would thus vacate the judgment of sentence and remand for resentencing.

---

[1] I believe the present case is distinguishable on its facts from *Commonwealth ex rel. Via v. Banmiller*, 188 Pa. Superior Ct. 124, 146 A. 2d 93 (1958).