Commonwealth *v.* Meise, Appellant.

Argued September 13, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Clyde W. Waite,* Assistant Public Defender, for appellant.

*Martin J. King,* Assistant District Attorney, with him *Stephen B. Harris,* First Assistant District Attorney, and *Kenneth G. Biehn,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., November 16, 1973:

The issue in this case is the proper computation of a sentence for prison breach.

For some time prior to November 30, 1972, appellant was imprisoned in the Bucks County jail awaiting trial on a drug charge. On that date appellant escaped. He was returned to the jail on December 26, 1972. He pleaded guilty to prison breach on June 4, 1973, and on July 3, 1973, was sentenced to imprisonment for a period of 1 to 5 years, to be computed from June 4, 1973. At the time of the sentencing the appellant was not serving a sentence on any other charge, but was awaiting trial on the drug charge. Appellant claims that his sentence for prison breach should be computed from December 26, 1972, because of the provisions of the Act of May 28, 1937, P. L. 1036, §1, 19 P.S. §894, and the Act of August 14, 1963, P. L. 841, §1, 19 P.S. §898, which read as follows: "From and after the passage of this act, all sentences for criminal offenses of persons who at the time sentence is imposed are held in custody in default of bail, or otherwise, shall begin to run and be computed from the date of commitment for the offense for which said sentence shall be imposed, unless the person sentenced shall then be undergoing imprisonment under a sentence imposed for any other offense or offenses, in which case the said sentence shall begin to run and be computed, either from the date of imposition thereof or from the expiration of such other sentence or sentences, as the court shall, in its discretion, direct."[1]

"Any person who has been convicted of an offense in any court in this Commonwealth and sentenced to a term of imprisonment shall be given credit toward the service of his sentence for any days spent in custody on this offense prior to the imposition of his sentence, including any days spent in custody on this offense prior to the entry of bail."[2]

---

[1] Act of May 28, 1937, P. L. 1036, §1, 19 P.S. §894.

[2] Act of August 14, 1963, P. L. 841, §1, 19 P.S. §898.

Appellant's sentence for prison breach was imposed under §309 of the Penal Code of 1939, Act of June 24, 1939, P. L. 872, as last amended by the Act of July 16, 1968, P. L. 353, §1, 18 P.S. §4309.[3] That section, in pertinent part, provides that any person undergoing imprisonment, whether before or after conviction, who breaks prison is guilty of a felony. The section directs that when the prison breach occurs after conviction of another offense, the sentence for prison breach shall commence from the expiration of the sentence for the other offense and any other prior sentences. The section says nothing about the commencement of a sentence where, as here, the prison breach occurs prior to conviction of the offense for which the person was originally imprisoned. The lower court, in imposing sentence to begin on June 4, 1973, relied on *Commonwealth ex rel. Dailey v. Myers*, 186 Pa. Superior Ct. 176, 142 A.2d 381 (1958).

The *Dailey* case was decided under an earlier prison breach statute differing somewhat from that under discussion; although the differences are not material for present purposes, an appreciation of the wording of the earlier statute is necessary to an understanding of the case. It provided, in part: "Any person undergoing imprisonment who breaks prison and escapes, or shall break prison although no escape is actually made, is guilty of prison breach, a felony, and, on conviction

---

[3] This act was repealed by §5 of the Crimes Code, Act of December 6, 1972, P. L.    , No. 334, which became effective June 6, 1973. Section 2 of the Act has the following provision: "Title 18 of the Consolidated Pennsylvania Statutes (relating to crimes and offenses), as added by this act, does not apply to offenses committed prior to the effective date of this act and prosecutions for such offenses shall be governed by the prior law, which is continued in effect for that purpose, as if this act were not in force. For the purposes of this section, an offense was committed prior to the effective date of this act if any of the elements of the offense occurred prior thereto."

thereof, shall be sentenced [to a certain term]. Said sentence shall commence from the expiration of the original sentence and any other sentences previously imposed which remained to be served at the time the offense of prison breach was committed."[4] Dailey was charged with burglary and committed to jail. He escaped and was subsequently apprehended and indicted for both offenses. He pled guilty and was sentenced first on the burglary charge and thereafter for prison breach. The latter sentence was directed to begin at the expiration of the burglary sentence. Dailey contended that the prison breach statute then in effect provided for punishment for prison breach only in those cases where a prisoner was under sentence at the time he escaped. We denied his contention and held that the 1953 act applied to those who broke prison regardless of the propriety of their commitment.

Although, apparently, Dailey questioned only the validity of his conviction under the statute, our Court went on to say: "The Act of 1953 makes it mandatory that the sentence for prison breach shall commence from the expiration of an original sentence being served, but, in the absence of such a sentence at the time of escape, the courts have inherent power to fix the time for beginning the service of sentence imposed for prison breach. See Com. ex rel. Hill v. Burke, 165 Pa. Superior Ct. 583, 587, 69 A.2d 169 [1949]." *Commonwealth ex rel. Dailey v. Myers,* supra at 178, 142 A.2d at 382-83. It is this statement regarding the inherent power of the courts to fix the commencement of sentence in the case of prison breach on which the lower court relics.

---

[4] Act of July 29, 1953, P. L. 1445, §1, *amending* Act of June 24, 1939, P. L. 872, §309.

The words "whether before or after conviction," describing the time when a breach may be committed, were added to the prison breach statute later, by the amendment of July 16, 1968, P. L. 353, §1.

The sweeping statement in *Dailey* cannot be considered as blanket authority to begin a sentence for prison breach by an unconvicted prisoner at such time as the judge pleases. It must be considered in the context of that case. That case involved the power to make a sentence for prison breach consecutive to a sentence for a crime on which he had been held when he escaped. Where two sentences are imposed at the same time, the court has the power to make them consecutive. *Halderman's Petition*, 276 Pa. 1, 119 A. 735 (1923); *see also Commonwealth ex rel. Gentner v. Burke*, 175 Pa. Superior Ct. 440, 106 A.2d 859 (1954). So far as the power of sentencing is concerned, *Dailey* is nothing more than an affirmation of that principle.

A further limitation of the judge's power to commence a sentence at will is a contrary statutory direction. In *Commonwealth ex rel. Hill v. Burke*, which appears in the above quote from *Dailey* as authority for the power to fix the commencement of sentences, appears the following: "The courts have inherent power to fix the time for beginning the service of sentences which they impose . . . ; and the directions of the court with relation thereto should be given effect unless there is some statutory provision which requires a different result . . ." 165 Pa. Superior Ct. 583, 587, 69 A.2d 169, 171 (1949) (citations omitted).

In *Commonwealth ex rel. Bleecher v. Rundle*, 207 Pa. Superior Ct. 443, 444, 217 A.2d 772, 774 (1966), we said: "As a general rule, in the absence of statute, a prison sentence begins to run from the date of its imposition. Commonwealth ex rel. Lerner v. Smith, 151 Pa. Superior Ct. 265, 270, 30 A.2d 347, 350 (1943)."

The Act of May 28, 1937, P. L. 1036, §1, 19 P.S. §894, has been held to be mandatory[5] and controls the

---

[5] *Commonwealth ex rel. Via v. Banmiller*, 188 Pa. Superior Ct. 124, 146 A.2d 93 (1958).

commencement of sentence in this case. A sentence for prison breach imposed prior to conviction or sentence for any other offense must be imposed to commence from the date of commitment for the prison breach. We know of no reason to give a different application to such a sentence for prison breach than we would to a sentence for another crime imposed prior to conviction or sentence for any other offense.

In the *Bleecher* case, Judge HOFFMAN pointed out that the Act of May 28, 1937, and the Act of August 14, 1963, "give credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed. Credit is not given, however, for a commitment by reason of a separate and distinct offense." *Commonwealth ex rel. Bleecher v. Rundle,* supra at 445, 217 A.2d at 774.

The first commitment for prison breach which appears in the record is January 3, 1973. Prior to that time, appellant was held on the drug charge. Although no record in the drug case has been submitted to us, the parties apparently assume that after January 3, 1973, appellant was held in custody on both charges. That fact should not deprive appellant of the benefit of the Act of 1937. January 3, 1973, was the date on which he was committed for prison breach, the offense for which sentence was imposed, and the direction of the statute is that sentence shall run from that date unless he is then undergoing imprisonment under a sentence imposed for another offense.

A similar principle was applied by us in *Commonwealth ex rel. Campbell v. Ashe,* 141 Pa. Superior Ct. 408, 15 A.2d 409 (1940). In that case appellants were committed to jail on April 21st for six alleged crimes. They pled guilty to the indictments. Sentences were pronounced on July 12th on all indictments and made to run consecutively from the date of imposition. Hold-

ing that the court had not followed the injunction of the Act of 1937, we said: "As relators were committed to the county jail for these same offenses on April 21, 1937, their imprisonment should begin to run *on the first sentence* from April 21, 1937, instead of July 12, 1937. The sentences will be corrected accordingly." *Commonwealth ex rel. Campbell v. Ashe,* supra at 410, 15 A.2d at 410-11 (emphasis added).

To hold otherwise would make it possible for the appellant never to receive the benefit of the Act of 1937, which is that he must be given the equivalent to a credit on his sentence for the period of actual imprisonment before imposition of sentence. *Commonwealth ex rel. Lerner v. Smith,* 151 Pa. Superior Ct. 265, 30 A.2d 347 (1943). Such an unfair result would occur if the drug charges were dropped or the appellant was acquitted of those charges.

The Commonwealth argues that our application of the Act of 1937 would allow appellant credit for the same time spent in jail against both charges. However, once the prisoner has received credit for time spent in jail prior to sentencing the purpose of the act is satisfied and there is no statutory direction to give double credit if that is what the Commonwealth means. The part of the statute providing that when the person sentenced is already undergoing sentence, his sentence shall be computed either from date of imposition or from the expiration of the other sentence effectively eliminates double credit in that situation. Unless appellant's trial on the drug charge is unduly delayed, any sentence on that charge would be imposed while he was undergoing imprisonment for prison breach and would be computed either from date of imposition or from expiration of the sentence for prison breach as the court would direct. It may be that appellant would be entitled to credit on that sentence for the time spent in jail on the drug charge prior to his escape under the

Act of 1963, supra, but we are not at this time faced with that problem.

The sentence of the court below is corrected to provide that sentence shall be computed from January 3, 1973, and as so corrected is affirmed.