J-A14029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD E. HOOVER JR. | |
| Appellant | No. 1954 MDA 2015 |

Appeal from the Judgment of Sentence October 9, 2015
In the Court of Common Pleas of Montour County
Criminal Division at No(s): CP-47-CR-0000001-2015

BEFORE:  BOWES, J., OTT, J., and PLATT, J.[*]

MEMORANDUM BY OTT, J.:                                    **FILED OCTOBER 04, 2016**

Ronald E. Hoover, Jr., appeals from the judgment of sentence imposed on October 9, 2015, in the Court of Common Pleas of Montour County, following his open guilty plea to charges of driving under the influence of alcohol (DUI) and driving without a license.[1]  On October 5, 2015, in open court, the trial court announced a sentence of 12 to 30 months' incarceration based on the trial judge's belief that Hoover was ineligible for RRRI.[2]  This sentence was never reduced to a written order.  That night, the trial judge received information that Hoover was eligible for RRRI.  On October 9, 2015,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. §§ 3802(a)(1) and 1501(a), respectively.  Hoover pled guilty on September 1, 2015.

[2] Recidivism Risk Reduction Incentive.  **See** 61 Pa.C.S. § 4501 *et seq*.

the trial court held another sentencing hearing and imposed a sentence of 15 to 30 months' incarceration, with Hoover eligible for an RRRI minimum sentence of 11 months and seven days. Hoover filed a motion for reconsideration, which was denied. In this timely appeal, Hoover argues his sentence is illegal and that his RRRI eligibility must be calculated based upon the initially announced 12-month minimum sentence. After a thorough review of the submissions by the parties, certified record and relevant law, we affirm.

A brief history of Hoover's sentencing on the instant matter is required. As noted above, Hoover entered into an open plea to DUI as a first-degree misdemeanor, punishable by up to five years' incarceration. A pre-sentence report was provided to the trial judge prior to the October 5, 2015 sentencing hearing. At that hearing, defense counsel argued for a county sentence with work release so Hoover could continue his employment as a welder and thereby provide for his wife and child.[3]

The trial judge noted Hoover's employment and family situation, but was more concerned with the fact that Hoover had 10 prior alcohol related arrests, had served a state sentence for a felony drug conviction and had completed a rehabilitation program, all without any apparent positive effect

_____

[3] In open court, it was represented that Hoover has two children. However, in his Montour County Probation and Parole Office information sheet, Hoover indicated he was responsible for only one child under the age of 18.

- 2 -

on Hoover. The trial judge also noted that on his Montour County Probation and Parole Office information sheet, Hoover stated he did not have an alcohol problem. When Hoover claimed he filled the form out in a hurry and simply made a mistake, the trial judge stated, "That just means you're not paying attention to this very important thing." N.T. Sentencing, 10/5/2015, at 4. Considering all the factors, the trial court found no reason to deviate from the sentencing guidelines, and imposed a 12-30 month term of incarceration.[4] The 12-month minimum represented the bottom of the standard range sentence and the 30-month maximum sentence necessitated incarceration in a state correctional facility.

After the trial judge announced his decision, defense counsel inquired about RRRI eligibility, asserting Hoover was RRRI eligible. However, the trial judge stated he had investigated RRRI eligibility and had determined, "Simple assault is a disqualifier, we researched that. It's an M-3 simple assault is a disqualifier. So put in the Order: The Defendant is not RRRI eligible." *Id*. at 7. The trial judge asserts, and our review of the certified record confirms, the 12-30 month sentence was never reduced to a written order nor entered on the docket.

---

[4] The offense gravity score for DUI, general impairment, refused testing (2nd offense) is a five, and Hoover had a prior score of five, producing a standard range minimum sentence of between 12 to 18 months' incarceration.

In the evening of October 5, 2015, the trial judge came to realize that pursuant to 61 Pa.C.S. § 4503, a person convicted of simple assault as a third-degree misdemeanor was eligible for RRRI. Accordingly, he contacted both counsel and scheduled another sentencing hearing for October 9, 2015. At the October 9, 2015 hearing, the trial judge indicated he was starting from scratch. N.T. Sentencing, 10/9/2015, at 1, 3. Without objection, the trial court incorporated the arguments and evidence presented on October 5, 2015. Both defense counsel and Hoover again requested a split sentence of county time and work release to allow Hoover to continue providing for his family. Defense counsel specifically argued that if the trial judge issued a minimum sentence of 12, 13 or 14 months, then with RRRI eligibility, Hoover would be able to serve his sentence in county and have work release. **Id**. at 4.

In pronouncing Hoover's sentence, the trial judge stated:

The Court: I regret that that[5] is a consequence. You know, in my position I am always after consistency. I am always after justice. I am always after rehabilitation. I am always after making sure the victims are compensated and, if not, satisfied in some way. There is so many. I want the Defendant's family not to suffer any more than they have because of his or her conduct. I want the Defendant to be in a position when he or she comes out of prison to be productive. There is a lot of things that go through my mind. And, you know, I have been doing it long enough now to know I can't do everything for everybody. So, my regrets regarding the consequence of this. But, I have to do what I have to do. And, again, it is in large part, number one, it

---

[5] This refers to the likelihood Hoover would lose his job.

- 4 -

is standard range.  Number two, you have done a stint in state prison.  And, number three, the history of alcohol issues, the programs that you get in state prison are going to be so much better than you can get, in your case, in the Montour County Prison.  And we don't have a re-entry?

[ADA] Warren: We don't have a program.

The Court: Columbia has something.  So, it is just the big picture, Mr. Hoover.  And, you may think this is not correct at this point.  But, from my perspective, it is better for you to go to State Prison for the term you are going to serve.

*Id.* at 5-6.

Against this background, Hoover now argues in imposing the October 9, 2015 sentence, the trial court was attempting to "negate the RRRI minimum."  Appellant's Brief at 10.  This argument is not particularly well developed, with Hoover also claiming:

The re-sentencing actions of the [t]rial [c]ourt constitutes a direct violation of laws pertaining to sentencing.  It constitutes a violation by the [t]rial [c]ourt of one of the basic principles of separation of powers, namely that the legislature makes the laws, and the judiciary applies and interprets the laws.

*Id*.

Although the exact nature of Hoover's claim is nebulous, based upon the above quote, we interpret Hoover's claim to be a challenge to the legality of his sentence.  Accordingly, we note:

The scope and standard of review applied to determine the legality of a sentence are well established. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction.  An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

- 5 -

*Commonwealth v. Poland*, 26 A.3d 518, 523 (Pa. Super. 2011) (citation omitted).

Because the October 9, 2015 sentence clearly addressed Hoover's RRRI eligibility, the instant argument appears to be based upon the idea that the trial court was mandated to apply the RRRI calculations to the 12-30 month sentence announced in open court on October 5, 2015. This is a false premise.

The trial court noted that while it stated that the October 9, 2015 hearing was for re-sentencing Hoover, "re-sentencing" was a misnomer. The October 5, 2015 proposed sentence, which itself was based upon the false premise that Hoover was not RRRI eligible, was never reduced to writing nor entered on the docket. **See** Pa.R.A.P. 1925(a) opinion, 12/10/2015, at 1. It has long been the law of Pennsylvania that a defendant's sentence is that which is entered on the records of the court and does not include statements made by the judge in passing sentence. **See** *Commonwealth v. Foster*, 324 A.2d 538 (Pa. Super. 1974) (distinguished on other grounds).[6] Accordingly, Hoover was not resentenced on October 9, 2015, never having been formally sentenced prior to that date.

---

[6] To support this proposition, **Foster** cited case law from Pennsylvania dating back to 1952, **see Commonwealth ex rel. Hoban v. Burke**, 92 A.2d 256 (Pa. Super. 1952), as well as quoting Justice Cardozo from **Hill v. United States ex rel. Wampler**, 56 S.Ct. 760 (1935) ("The only sentence known to the law is the sentence or judgment entered upon the records of the court.").

Additionally, it is clear from reading the notes of testimony from the October 9, 2015 sentencing hearing that the trial judge was not attempting to circumvent the statutory requirements of RRRI. While the trial judge recognized a benefit to Hoover being able to maintain his employment by serving a county split sentence, he found a greater benefit in giving Hoover access to the help he obviously needs to control his alcohol dependence. We cannot discern how providing this opportunity to Hoover can be construed as the trial judge violating the separation of powers.

Finally, we note that even if the October 5, 2015 sentence had been formally entered, it would have been an illegal sentence. ***See Commonwealth v. Hanna***, 124 A.3d 757 (Pa. Super. 2015). We note, "an illegal sentence is a legal nullity, and sentencing courts must have the authority to correct such a sentence even if that means increasing the sentence." ***Commonwealth v. Jones***, 554 A.2d 50, 52 (Pa. 1989) (distinguished on other grounds).

Judgment of sentence affirmed.

Judge Platt joins this memorandum.

Judge Bowes files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/4/2016

- 7 -