J-A23025-24

2025 PA Super 41

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALFONSO LUA JR. | : | |
| | : | |
| Appellant | : | No. 516 MDA 2024 |

Appeal from the Judgment of Sentence Entered March 14, 2024
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0001044-2023

BEFORE: BOWES, J., OLSON, J., and STABILE, J.

OPINION BY OLSON, J.: **FILED FEBRUARY 21, 2025**

Appellant, Alfonso Lua, Jr., appeals from the March 14, 2024 judgment of sentence entered in the Court of Common Pleas of Adams County that imposed a sentence of one to seven years' incarceration after Appellant pleaded guilty to driving under the influence ("DUI") – controlled substance (Count 1) and driving while operating privilege suspended or revoked (Count 5).[1] We affirm.

_____

[1] 75 Pa.C.S.A. §§ 3802(d)(1)(i) and 1543(b)(1.1)(i), respectively.

Appellant was also charged with DUI – controlled substance under Section 3802(d)(1)(iii), DUI – controlled substance under Section 3802(d)(2), and driving while operating privilege suspended or revoked under Section 1543(b)(1)(iii). 75 Pa.C.S.A. §§ 3802(d)(1)(iii), 3802(d)(2), and 1543(b)(1)(iii); *see also* Criminal Information, 10/23/23. Although the certified record indicates that these three aforementioned criminal charges were withdrawn when the trial court accepted Appellant's guilty plea (*see* Trial Court Docket at 4), the Commonwealth did not present a motion for the withdrawal of the charges and the trial court did not order the withdrawal of the charges. *See generally*, Trial Court Docket; *see also* N.T., 3/14/24; Sentencing Order, 3/18/24; Guilty Plea Colloquy, 3/14/24.

The record reveals that, on March 14, 2024, Appellant entered a guilty plea to the aforementioned criminal offenses, which the trial court accepted. N.T., 3/14/24, at 5. This was Appellant's third DUI conviction. That same day, the trial court sentenced Appellant to one to seven years' incarceration in a state correctional institution on Count 1 and ordered Appellant to pay a mandatory fine in the amount of $1,000.00 on Count 5.[2] Sentencing Order, 3/18/24; *see also* N.T., 3/14/24, at 8-9. As required by Section 3804(c.2) of the Vehicle Code,[3] Appellant's sentence of incarceration was set to run consecutively to the sentence Appellant was currently serving on his second DUI conviction, which was a probationary sentence imposed by the Court of

---

[2] At Count 1, Appellant was also ordered to pay a mandatory fine in the amount of $2,500.00 and was eligible for the recidivism risk reduction incentive program and the state drug treatment program. At Count 1 and Count 5, Appellant was also ordered to pay the costs of prosecution and applicable fees. Sentencing Order, 3/18/24; *see also* N.T., 3/14/24, at 8-9.

[3] Section 3804(c.2) of the Vehicle Code states as follows:

> A sentence imposed upon an individual under this section [(referring to sentences imposed pursuant to Section 3804, which prescribes sentences for DUI offenses generally)] who has two or more prior [DUI] offenses shall be served consecutively to any other sentence the individual is serving and to any other sentence being then imposed by the [trial] court, except for those with which the offense must merge as a matter of law.

75 Pa.C.S.A. § 3804(c.2).

- 2 -

Common Pleas of York County at trial court docket CP-674704-CR-2021.[4]

Sentencing Order, 3/18/24; *see also* N.T., 3/14/24, at 6. Appellant did not

file a post-sentence motion. This appeal followed.[5]

Appellant raises the following issue for our review:

Whether the trial court erred in [ordering the sentence imposed on Appellant's third DUI conviction to run consecutively, pursuant to 75 Pa.C.S.A. § 3804(c.2), to the sentence imposed on Appellant's second DUI conviction when the sentence for Appellant's third DUI conviction] would not begin for an indeterminate period of time?

Appellant's Brief at 8 (extraneous capitalization omitted).

Appellant purports to challenge certain discretionary aspects of his

March 14, 2024 sentence. *See id.* at 6-7 (setting forth, in a Rule 2119(f)

statement, that his instant sentence violated the fundamental norms of the

sentencing process because it was set to run consecutively to a probationary

sentence, which had an indeterminate end date). For the reasons discussed

*infra*, we find that Appellant, in fact, challenges the trial court's authority to

impose Appellant's March 14, 2024 sentence in the manner that it did and,

---

[4] At York County trial court docket CP-674704-CR-2021, Appellant was sentenced, on February 16, 2022, to a five-year restrictive probationary sentence. N.T., 3/14/24, at 6. The restrictive portion of the probationary sentence required Appellant to serve 90 days on house arrest, which Appellant completed. *Id.* At the time of his third DUI conviction, Appellant was currently serving the non-restrictive probationary aspect of his sentence, which was set to expire in February 2027. *Id.*

[5] Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

- 3 -

therefore, he objects to the legality of his sentence. **See Commonwealth v. Foster**, 17 A.3d 332, 344-345 (Pa. 2011) (stating that, when a trial court's "inherent, discretionary authority to wield its statutorily prescribed sentencing powers [has been] supplanted, abrogated, or otherwise limited," a defendant's challenge to a mandated sentencing feature implicates the legality of that sentence).

Section 9721 of the Sentencing Code provides a trial court with the discretion to order a defendant's sentence to run consecutively or concurrently to other sentences that are to be imposed in the same criminal matter or to a sentence the defendant is currently serving. 42 Pa.C.S.A. § 9721(a). As discussed *supra*, Section 3804(c.2) of the Vehicle Code constrains that statutory power and requires a trial court to impose its sentence for a third (or greater) DUI conviction such that the sentence will run consecutively "to any other sentence [the defendant] is serving and to any other sentence being then imposed by the [trial] court." 75 Pa.C.S.A. § 3804(c.2). The use of the word "shall" in Section 3804(c.2) indicates that the sentencing structure prescribed by Section 3804(c.2) is mandatory and removes the trial court's discretionary powers prescribed by Section 9721 to decide the concurrent or consecutive nature of the sentence imposed. **See Commonwealth v. Hill**, 238 A.3d 399, 410 (Pa. 2020) (stating that, the Legislature's use of the word "shall" in Section 3804 "plainly mandates" that a trial court sentence a DUI defendant in a specific way). Here, Appellant challenges the mandate prescribed by Section 3804(c.2) that the sentence imposed on his third DUI

conviction run consecutively to the sentence he was then serving on his second DUI conviction in York County. As such, because Section 3804(c.2) abrogates a trial court's discretionary sentencing powers, Appellant challenges the legality of his sentence. **Foster**, 17 A.3d at 344.

A challenge to the legality of a sentence presents a question of law for which our standard of review is *de novo* and our scope of review is plenary. **Hill**, 238 A.3d at 409-410; **see also Commonwealth v. Aiken**, 139 A.3d 244, 245 (Pa. Super. 2016), *aff'd*, 168 A.3d 137 (Pa. 2017).

At issue in the case *sub judice* is the portion of Appellant's sentence that states "as required by [Section 3804(c.2)], the sentence [on Count 1 for Appellant's third DUI conviction] shall run consecutively to the probationary sentence currently being served [by Appellant] in York County[ at trial court docket] CP-674704-CR-2021." Sentencing Order, 3/18/24. Appellant asserts that the statutory requirement that obligates the trial court to impose a sentence in the case *sub judice* that runs consecutively to the probationary punishment sentence imposed in the York County case does not provide Appellant with a definitive start date for his instant sentence, as required by Pennsylvania Rule of Criminal Procedure 705(A). Appellant's Brief at 12-13. Appellant contends that, under the current sentencing scheme, he would not begin his one-to-seven-year prison term in the case *sub judice* for approximately three years and only after he completed his probationary sentence. **Id.** Appellant argues that, under Section 3804(c.2), the trial court

is unable to provide a definitive start date for his sentence, and he is "entitled to some expectation of finality." *Id.* at 13.

As set forth *supra*, Section 3804(c.2) of the Vehicle Code requires that

> [a] sentence imposed upon an individual under this section who has two or more prior [DUI] offenses shall be served consecutively to any other sentence the individual is serving and to any other sentence being then imposed by the [trial] court, except for those with which the offense must merge as a matter of law.

75 Pa.C.S.A. § 3804(c.2).

Bearing the compulsory mandate of Section 3804(c.2) in mind, we turn to the provisions of Rule 705, which serves as the basis for Appellant's current claim. "In fashioning a sentence of incarceration, a trial court is to comply with, *inter alia*, [Rule 705.]" **Commonwealth v. Renninger**, 269 A.3d 548, 567 (Pa. Super. 2022), *appeal denied*, 302 A.3d 95 (Pa. 2023). Rule 705 states, in pertinent part, as follows:

### Rule 705. Imposition of Sentence

(A) When imposing a sentence to imprisonment, the [trial court] shall state the date the sentence is to commence.

(B) When more than one sentence is imposed at the same time on a defendant, or when a sentence is imposed on a defendant who is sentenced for another offense, the [trial court] shall state whether the sentences shall run concurrently or consecutively. If the sentence is to run concurrently, the sentence shall commence from the date of imposition unless otherwise ordered by the [trial court].

Pa.R.Crim.P. 705.[6]

Appellant's illegal sentence claim, which asks this Court to interpret the applicability of the sentencing requirement set forth in Rule 705 as it relates to Section 3804(c.2), is one of first impression. It is well-established that the objective of rule interpretation is to ascertain and effectuate the intention of our Supreme Court, as the rule-making judicial body, and that the plain language of the rule is the best indicator of our Supreme Court's intent. **Commonwealth v. Lopez**, 280 A.3d 887, 896 (Pa. 2022).

A plain reading of Rule 705(A) reveals that our Supreme Court intended for a trial court, when it imposes a sentence of incarceration on a defendant who is not already sentenced for an unrelated offense and for whom no other sentence will be imposed as part of the same criminal matter, to provide the commencement date of the sentence of incarceration in the sentencing order. **See** Pa.R.Crim.P. 705(A). Simply stated, Rule 705(A) applies when a single sentence of incarceration is imposed on a defendant who is not already subject to a sentence for an unrelated criminal offense. This reading flows from the

---

[6] We are mindful that the Pennsylvania Department of Corrections ("DOC") is the executive branch agency that is "charged with faithfully implementing sentences imposed by the [trial] courts" and that the DOC "lacks the power to adjudicate the legality of a sentence or to add or delete sentencing conditions." **McCray v. Pennsylvania Dept. of Corrections**, 872 A.2d 1127, 1133 (Pa. 2005). As part of its faithful implementation of the sentences imposed by our trial courts, the DOC must compute a defendant's maximum release date in accordance with the sentencing order. **Id.** Therefore, to aid the DOC in its computation of a defendant's maximum term of incarceration, it is imperative that a trial court comply with, *inter alia*, Rule 705. **Renninger**, 269 A.3d at 567.

use of the determiner "a" in front of the phrase "sentence of incarceration," indicating that Rule 705(A) pertains when **one** sentence of incarceration is imposed. By expressly stating the commencement date for **a** sentence of incarceration in its sentencing order, the trial court provides the defendant with notice of when he or she will begin serving the sentence of incarceration and provides the DOC with information that will be used to compute the defendant's maximum term of incarceration. **McCray**, 872 A.2d at 1133; **see also Renninger**, 269 A.3d at 567.

While we agree, as Appellant suggests, that Rule 705(A) requires the trial court to state the date on which **a** sentence of incarceration is to begin, we cannot agree, as Appellant further suggests, that Rule 705(A) must be read in isolation and governs his sentence in the case *sub judice*. Rather, Rule 705(A) must be read in conjunction with Rule 705(B) to ascertain a comprehensive understanding about the application of Rule 705. **Lopez**, 280 A.3d at 888-898 (indicating that, pursuant to the principal of *in pari materia*, one subsection of a rule of criminal procedure cannot be read in isolation but, rather, must be read in conjunction with the other subsections of the rule of criminal procedure); **see also** 1 Pa.C.S.A. § 1932. Textual differences between Rule 705(A) and Rule 705(B) lead us to conclude that the provisions apply in mutually exclusive circumstances and differ in the manner by which a trial court must prescribe the commencement of its sentences. **Compare** Pa.R.Crim.P. 705(A) **with** Pa.R.Crim.P. 705(B).

A plain-reading of Rule 705 reveals that Rule 705(A) applies to **a** sentence of incarceration, as discussed *supra*. Pa.R.Crim.P. 705(A). Rule 705(B), however, operates differently. First, it utilizes the term "sentence," which incorporates a sentence of probation, guilt without further punishment, partial confinement (incarceration), total confinement (incarceration), or a fine. Pa.R.Crim.P. 705(B); *see also* 42 Pa.C.S.A. § 9721(a) (listing sentencing alternatives available to the trial court in fashioning a defendant's sentence). Second, Rule 705(B) applies when **more than one** sentence will be imposed on a defendant as part of the same criminal matter or same criminal offense. Pa.R.Crim.P. 705(B). Rule 705(B) also applies if, at the time of sentencing, the defendant has **already been sentenced** for an unrelated criminal offense. In either instance, the trial court must state whether the sentence or sentences it is then-imposing are to run consecutively or concurrently. *Id.* When a new sentence is set to run concurrently to a sentence imposed in the same criminal matter or to a sentence the defendant received in a separate criminal matter, the commencement date of the concurrent sentence is the date of imposition unless the trial court states a different date. *Id.*

When Rule 705 is read *in toto*, we find that for each sentence imposed by a trial court, the trial court must state, as part of its sentencing order, a commencement date for the sentence. When Rule 705(A) applies (meaning, the defendant has not previously been sentenced in an unrelated criminal matter and the sentence of incarceration is the only punishment to be imposed

- 9 -

in the criminal matter currently pending before the trial court), the commencement date may be stated as a date certain. In such instances, Rule 705(A) insists that the trial court provide a date certain for commencement of the sentence of incarceration because a date certain is ascertainable at the time the trial court imposes its sentence.

Under Rule 705(B), when more than one sentence is to be imposed upon a defendant or when a sentence is to be imposed upon a defendant who has already been sentenced in an unrelated criminal matter, the trial court fulfills its obligation to designate a commencement date by stating whether its sentence or sentences shall run "consecutively" or "concurrently."[7] If Rule

---

[7] We are cognizant that Rule 705, in its present form, does not address how a trial court fulfills its obligation to designate a commencement date in all sentencing scenarios. In particular, Rule 705(B) leaves unanswered how a trial court fulfills its obligation to designate the commencement date of the first sentence to be imposed upon a previously unsentenced defendant and the trial court will either impose individual sentences for more than one criminal offense or more than one type of sentence (*i.e.*, a sentence of incarceration to be followed by a period of probation) on a single criminal offense. *See* Pa.R.Crim.P. 705(B).

For purpose of illustrating the "gap" created by Rule 705, our hypothetical involves a defendant who is not currently sentenced for an unrelated criminal offense when he or she is convicted of two criminal offenses, and the sentences for the new offenses do not merge for sentencing purposes. For the first criminal offense ("Count 1"), the trial court seeks to impose a sentence of two to four years' incarceration. For the second criminal offense ("Count 2"), the trial court seeks to impose a sentence of one to two years' incarceration. If the trial court wants the sentences to run concurrently to each other, the trial court may fulfill its commencement date obligation by stating that each sentence is to run concurrently to the other. Under Rule 705(B), unless an alternative date is provided by the trial court, the sentences

705(B) applies and the sentences are set to run concurrently, Rule 705(B) presumes that the newly-imposed sentence will commence at the date of imposition unless otherwise ordered by the trial court. Pa.R.Crim.P. 705(B).

Thus, when Rule 705 is applied to the case *sub judice*, we discern no error of law or abuse of discretion in the trial court's imposition of a sentence of incarceration that was set to run consecutively to the sentence previously imposed upon Appellant at York County trial court docket CP-674704-CR-2021. At the time of sentencing in the case *sub judice*,

_____

are presumed to commence on the date of imposition. ***See*** Pa.R.Crim.P. 705(B).

If, however, the trial court wants the sentence imposed on Count 2 to run consecutively to the sentence imposed on Count 1, the trial court may fulfill its commencement date obligation on the Count 2 sentence by stating that the sentence shall run consecutively to the Count 1 sentence. Left undecided is how the trial court fulfills its commencement date obligation for the sentence imposed at Count 1. Rule 705(A), which requires the trial court to state a date certain for commencement, does not apply because, as discussed *supra*, Rule 705(A) only applies when a single sentence of incarceration is imposed and, in our example, two sentences of incarceration will be imposed in the same criminal matter. Rule 705(B) does not specifically address what a trial court must do to satisfy its commencement date obligation as to the Count 1 sentence.

We believe in this instance, that we must look to the general rule that "in the absence of a statute [(or Rule)], the sentence imposed begins to run from the date of imposition." ***Commonwealth ex rel. Lerner v. Smith***, 30 A.2d 347, 350 (Pa. Super. 1943), *citing* ***Commonwealth ex rel. Cox v. Ashe***, 22 A.2d 606, 609 (Pa. Super. 1941); ***see also Commonwealth ex rel. Bleecher v. Rundle***, 217 A.2d 772, 774 (Pa. Super. 1966); ***Commonwealth v. Meise***, 312 A.2d 48, 50 (Pa. Super. 1973). Thus, if a trial court does not provide a date of commencement for the sentence imposed at Count 1, the sentence is presumed to commence on the date of imposition.

Appellant was currently serving a sentence of probation for his second DUI conviction. Therefore, Rule 705(B) applied (as a sentence of probation is included in the types of sentences which trigger the application of Rule 705(B)), and the trial court was required to indicate whether the sentence imposed for Appellant's third DUI conviction was to run consecutively or concurrently to the sentence Appellant was already serving.[8] **See**

---

[8] Act 59 of 2022, commonly referred to as "Deana's Law," modified Section 3804 of the Vehicle Code by including subsection (c.2), which requires that mandatory consecutive sentences be imposed on repeat DUI offenders having two or more prior DUI offenses. **See** Act of Jul. 11, 2022, P.L. 717, No. 59; **see also** 75 Pa.C.S.A. § 3804(c.2) (effective Nov. 8, 2022). The purpose of Section 3804(c.2) was to "substantially increase penalties for those who have multiple DUI convictions and target offenders who repeatedly drive drunk with high [b]lood [a]lcohol [c]ontent levels in their systems." **See** Memorandum from Representative Christopher B. Quinn to all House Members relating to H.B. 773 (S.B. 773), 2/11/21; **see also** Legislative Journal – House, 11/17/21, at 1597-1599; Legislative Journal – Senate, 7/7/22, at 780-781. As the history behind Section 3804(c.2) reveals, Deana was killed in a head-on collision with a vehicle driven by a person who had been previously convicted of five DUI offenses. Because the driver's sentence for his fifth DUI conviction was set to run concurrently to the sentences imposed on his third and fourth DUI convictions, the driver was not incarcerated on the date of the accident but, rather, was driving under the influence on that date such that he was subsequently convicted of a sixth DUI offense as a result of the accident. **See** Legislative Journal – House, 11/17/21, at 1597-1599. Section 3804(c.2) was designed to impose mandatory consecutive sentences on repeat DUI offenders "who intentionally and willfully get behind the wheel time and time again." **Id.** at 1597; **see also** Legislative Journal – Senate, 7/7/22, at 780.

Although Appellant's sentence in the case *sub judice* complies with Rule 705 for the reasons set forth herein, this case illustrates a situation in which the consecutive sentence requirement of Section 3804(c.2) does not meet the stated objective of Section 3804(c.2), which is to keep repeat DUI offenders incarcerated by imposing consecutive sentences of incarceration. Upon conviction of his third DUI offense, Section 3804(c.2) required the trial court

Pa.R.Crim.P. 705(B). Section 3804(c.2) of the Vehicle Code required the trial court to impose the sentence consecutively to the sentence Appellant was serving for his second DUI conviction. Appellant's sentence of incarceration will begin once Appellant's sentence of probation has ended.

Judgment of sentence affirmed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 02/21/2025

_____

to impose a sentence that was set to run consecutively to the sentence Appellant was then-serving for his second DUI conviction. The sentence imposed on Appellant for his second DUI conviction, however, involved a sentence of probation. Although Appellant's third DUI conviction will trigger a violation of the probationary sentence imposed on his second DUI conviction, at the time of Appellant's sentencing in the case *sub judice*, Appellant had not yet been found in violation of his probation and resentenced, due perhaps, in part, because the second and third DUI convictions occurred in different Pennsylvania counties. As such, Appellant remains on probation and free from incarceration (at least until his probation is revoked and he is resentenced) despite the fact that he was convicted of a third DUI. Section 3804(c.2), which was designed to keep repeat DUI offenders incarcerated, does not, under its present form, address the unique factual situation of the case *sub judice*, at least not in the manner contemplated by the framers of the provision.